CAMPBELL, Chief Judge.
Appellant, James A. Tessalone, the plaintiff/husband in an action for dissolution of marriage, challenges the final judgment of dissolution on the basis that the trial court failed to properly consider a significant marital asset and, therefore, arrived at an inequitable distribution of the assets of the parties. We agree that the trial judge did not apply the correct standard in evaluating the assets of the parties and reverse only for a reconsideration and redistribution, if necessary, of the assets.
Both parties asked in their pleadings for an equitable distribution of their assets. The principal asset in dispute is an insurance agency established by the appellee wife in 1983. The parties were married in 1963. The children of the marriage are both now emancipated. The insurance agency is the sole source of income for the wife. Prior to its establishment, the wife had worked at State Farm Insurance for fifteen years. The husband was not actively involved in the operation of the insurance agency, but worked at various other jobs during the course of the marriage. The trial judge awarded all interest in the insurance agency to the wife.
The husband agrees that the insurance agency was properly awarded to the wife, but argues that he should have been awarded other offsetting assets in order to make the distribution of the assets equitable. We do not, in advance of the trial court’s proper consideration of the parties’ assets, pass upon the question of whether the ultimate distribution of the parties’ assets was or was not equitable. We simply find that the trial judge appears not to have properly categorized the insurance agency as a marital asset subject to distribution.
Neither party disputes the fact that the insurance agency was a marital asset. The wife argues that the trial court considered the insurance agency as a marital asset, but simply found that the husband had no interest in it. Such a position is untenable. If the property was a marital asset, and the parties concede it was, both parties have an interest in it that must be considered in any plan of distribution. The trial judge here stated: “The wife will retain the agency. And for what it’s worth, in my estimation, the labor provided by the husband simply doesn’t rise to the level of gaining him an equity in her business.”
A spouse does not have to establish a special equity in a marital asset in order for that asset to be considered in a plan of distribution. One spouse may, however, establish a special equity in a marital asset in order to establish an entitlement to a greater interest in the asset than that to which the other spouse is entitled. That may or may not be the situation of the wife in this case. The trial judge erred, however, in holding that the husband had failed to establish a special equity in the insurance agency so as to entitle him to an interest in the agency. That is not the standard to be applied in a distribution of assets and is not what the husband sought. The insurance agency was a marital asset and the husband’s interest arising therefrom should have been considered by the trial judge in the ultimate distribution of the parties’ assets.
It appears from the above-quoted statement of the trial judge that a proper con *1194 sideration of the agency as a marital asset may not have been made. See Miceli v. Miceli, 533 So.2d 1171 (Fla. 2d DCA 1988). We, therefore, affirm the dissolution of marriage, but reverse that portion of the final judgment of dissolution relating only to the distribution of the parties’ assets. Upon remand, the trial judge shall reconsider the entire plan of distribution in light of this opinion. We reiterate that we do not pass upon whether the same plan of distribution would be proper given a proper consideration of the insurance agency as a marital asset.
Affirmed in part, reversed in part and remanded.
SCHOONOVER and PATTERSON, JJ., concur.