651 So.2d 1248 (1995)
Jeffrey Michael ESPOSITO, Appellant,
v.
Angie R. ESPOSITO, Appellee.
No. 93-04360.
District Court of Appeal of Florida, Second District.
March 10, 1995.
Richard D. Mars of Mars & Masters, P.A., Bartow, for appellant.
Allan L. Casey, Winter Haven, for appellee.
QUINCE, Judge.
Jeffrey Esposito (husband) appeals the trial court's distribution of assets in a marital dissolution. Because the trial court did not properly designate certain property as marital or nonmarital, we reverse and remand for further proceedings.
The parties were married in 1980, and after thirteen years the wife filed a petition for dissolution of the marriage. There were five children born of the marriage, all of whom are minors. During the first seven years of the marriage the husband worked for his uncle and was the sole provider for the family. In 1989 the wife went to school for massage therapy and opened her own business. The husband began to have problems with drugs and was in a rehabilitation program in early 1991. During this time the wife continued to build her business while also caring for the five children.
The final judgment of dissolution awarded custody of the five minor children to the wife, and gave her use, possession and ownership of the massage therapy business. The marital home was to be retained as tenants in common until sold. Personal property, including the motor vehicles, was divided between the parties with the wife receiving credit for husband's dissipation of marital assets. The husband was awarded attorney's fees of $3,000, offset by child support arrearages and by car payments made on the husband's vehicle by the wife during the separation.
On appeal, the husband questions the trial court's distribution of marital assets, the wife's reimbursement for mortgage payments, the failure to award him rehabilitative alimony, and the amount of attorney's fees. We address only the court's distribution of the massage therapy business and the attorney's fees. We affirm on the other issues.
In a dissolution of marriage proceeding, the trial court must make an equitable distribution of all marital assets and liabilities. See § 61.075, Fla. Stat. (1991); Robertson v. Robertson, 593 So.2d 491 (Fla. 1991). To accomplish this distribution, the court must identify and determine a value for the marital assets. The trial court in this case awarded the massage therapy business to the *1249 wife without making a determination of whether it is a marital or nonmarital asset. The trial court simply said the "business is dependent solely upon the wife to continue in existence and is not a family business." The court valued the business as nil despite evidence that the wife grossed in excess of $100,000 last year.
The evidence clearly demonstrates this business is a marital asset. The wife went to massage therapy school during the course of the marriage and paid her tuition from a joint account containing funds deposited by both parties. The business was also started with money from the joint account. A business run solely by one spouse but purchased with marital funds is a marital asset and subject to equitable distribution. Tessalone v. Tessalone, 549 So.2d 1192 (Fla. 2d DCA 1989); Rodriguez v. Rodriguez, 550 So.2d 16 (Fla. 3d DCA 1989). Although the wife may be able to claim a special equity in the massage business, the trial court's analysis must begin with a determination that the business is a marital asset. On remand, the trial court may want to revisit the entire equitable distribution scheme.
The trial court awarded the husband attorney's fees which were reduced by child support arrearages and payments the wife made on the husband's vehicle since the separation. We affirm the trial court's determination that the husband is entitled to fees, but voice our concern about the offset for child support arrearages. There is no finding in the final judgment indicating the total amount in arrears. It is unclear if the husband will still be in arrears once the attorney's fee award is deducted. On remand, we suggest the trial court use the car payments and/or other items to be equitably distributed to offset the fee payment.
We reverse the trial court's distribution of the massage therapy business and remand for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and BLUE, J., concur.