KLEIN, Judge.
Appellant former wife filed this petition for modification to extend her rehabilitative alimony or convert it to additional permanent alimony. The trial court denied the petition and we find no abuse of discretion. It does appear that the trial court erred, however, in calculating the amount of child support to be paid by the wife after the child moved in with the husband. The trial court did not explain how it arrived at the amount, and we cannot square it with the guidelines.
The husband argues that the permanent alimony he is paying to this former wife should be included as gross income to her. The guidelines, however, state that a party’s gross income includes spousal support 'received from a “previous marriage.” § 61.30(2)(a)(9), Fla.Stat. (Supp.1994). This provision does not include the alimony being paid to this spouse. Pelton v. Pelton, 617 So.2d 714 (Fla. 1st DCA 1992).
There is a good reason why the alimony being paid as a result of this marriage should not be included as gross income to the receiving spouse under section 61.30(2)(a). *543 The factor used for determining the minimum amount of child support under the guidelines is the “combined monthly available income” of the parents. § 61.30(6). The items listed in section 61.30(2) to be included in calculating gross income, and in section 61.30(3) to be deducted in calculating net income, all have a common purpose, which is to arrive at the total income available for child support. To include the alimony in the payee’s income prior to applying to the tables in section 61.30(6), would skew the amount of “combined monthly available income,” and thus the amount of child support.[1]
If the alimony were both included in the payee’s gross income and deducted from the .payor’s gross income, it would not skew the amount of combined monthly available income; however, it would affect each spouse’s percentage share of child support calculated under section 61.30(9). It would also arguably be contrary to the intent of the legislature since it specifically defined the alimony to be included in the payee’s gross income as only that received from a “previous marriage.”
In Nelson v. Nelson, 651 So.2d 1252 (Fla. 1st DCA 1995) the first district concluded that the trial court could, in calculating the husband’s child support obligation, deduct the alimony he was paying his former wife, based on two provisions of the statute which come after the guidelines support tables.[2] While we recognize that there is some flexibility to adjust, we question whether deducting the entire amount of alimony is consistent with the legislative intent, since it could not be deducted under the specific provisions of section 61.30(3).
If the court does adjust so that the amount of child support deviates more than 5% from the guideline amount, there must be a finding explaining the deviation. § 61.30(l)(a). In the present ease there is more than a 5% deviation, and the court did not make such a finding, requiring us to reverse.
The wife also asserts that the court abused its discretion in not requiring the husband to pay her attorney’s fees, and we agree. Husband’s income is at least $150,000 a year, and the wife’s income is less than one-third of that amount. See Giovanelli v. Giovanelli, 654 So.2d 154 (Fla. 4th DCA 1995); Leonard v. Leonard, 613 So.2d 1339 (Fla. 3d DCA 1993).
We have considered the other issues raised by the wife and find that they are without merit. We therefore reverse and remand for the amount of child support to be conformed to the guidelines or for the deviation to be explained, and for an award of attorney’s fees to the wife.
POLEN, J., concurs.
STONE, J., concurs in part and dissents in part with opinion.

. For example, if the payor spouse has available income after the inclusions and deductions in sections 61.30(2)(a) and (3) of $6,000 a month, and the payee spouse has $1,000 a month, there is a combined monthly available income of $7,000 a month. Under the table in section 61.30(6) the combined monthly available income of $7,000 a month provides for a minimum amount of child support for one child of $1,212. If the payor spouse were paying $3,000 a month alimony to the payee spouse, and that amount was included in determining the payee spouse’s income, it would increase the parties’ combined monthly available income from $7,000 to $10,-000 which, under the table, would provide a minimum amount of child support of $1,437. This would be contrary to the legislative scheme. The $3,000 alimony payment from this marriage does not increase the parties' combined monthly available income, but simply shifts it from one party to another. If the alimony were from a previous marriage it would increase the total income available.

. Section 61.30(1 l)(c) allows adjustment of the minimum child support award based upon "[t]he payment of both child support and spousal support to the obligee or the payment of support for a parent which regularly has been paid and for which there is a demonstrated need." Section 61.30(1 l)(k) permits the trial court to make any "other adjustment which is needed to achieve an equitable result ...”