688 So.2d 454 (1997)
Richard W. DEASE, Appellant,
v.
Kathryn B. DEASE, Appellee.
No. 96-732.
District Court of Appeal of Florida, Fifth District.
February 28, 1997.
*455 Richard W. Dease, Altoona, Pro se.
R. Jason deGroot, Deltona, for Appellee.
HARRIS, Judge.
This case may well set a new standard for the delay between the final hearing and the final judgment. Indeed, Mr. Dease (acting pro se) urges that the trial court entered a final judgment without holding a trial. Mr. Dease apparently cannot remember that some thirty-one months before entry of the final judgment, the parties did indeed appear before the judge. There was some continuing post-trial activity. According to Mrs. Dease's attorney, memoranda were submitted in October and November, 1993, and hearings were held in April and September, 1994, and in April and June, 1995. Over nine months later, a final judgment giving the wife almost all of the marital assets because "it would be inequitable to the wife to have equal division of the property since she had limited skills, training, and education and the husband has superior skills, training and education compared to the wife," apparently prepared by the wife's lawyer, was signed by the judge.
While disparate earning abilities may justify alimony (and the court awarded alimony), it does not, at least without more explanation, justify an unequal distribution of marital assets. See Hallman v. Hallman, 575 So.2d 738 (Fla. 5th DCA 1991) (superior earning ability is not a factor for purposes of equitable distribution of marital assets). There are other errors in this judgment. First, the court provided that the parties would receive "the property in [their] possession and control." The property was neither itemized nor valued nor is there any indication that the property is marital or separate. See § 61.075(3), Fla.Stat.; Esposito v. Esposito, 651 So.2d 1248 (Fla. 2d DCA 1995); Keaton v. Keaton, 634 So.2d 798 (Fla. 4th DCA 1994). In addition, the parties seem to agree that the judgment used the wrong evaluation date.
It is with some reluctance, but commitment, that we reverse based on a delayed judgment. There has already been an inexcusable delay in the resolution of this conflict. We recognize that by reversing, we are adding to that delay. But it is impossible to tell whether this judgment entered some two and a half years after the final hearing and over nine months after the last court appearance reflects the reasoned judgment of the court. In any event, the errors committed in the scheme of distribution would require reversal.
REVERSED and REMANDED for a new trial on all issues except the dissolution of marriage.
COBB and THOMPSON, JJ., concur.