KLEIN, Judge.
In the dissolution of her marriage appellant was seeking alimony, equitable distribution of assets and debts, life insurance, and attorney’s fees. After a trial which took place over two days, Judge Korda did not resolve any of those claims, but rather entered a final judgment which we quote in its entirety:

FINAL JUDGMENT

THIS CASE came on to be heard before this Honorable Court on the 31st day of October 1996 upon verified Petition for Dissolution of Marriage filed herein by the Husband/Petitioner, STEVEN CHARLES CHABOTTE, who was present and represented by counsel, and the Court having reviewed the file, and having heard testimony and the evidence submitted, finds that the Court has jurisdiction over the parties and the subject matter hereto, it is thereupon,
ORDERED AND ADJUDGED AS FOLLOWS:
1. Marriage: The marriage between the Husband/Petitioner, STEVEN CHARLES CHABOTTE and the Wife/Respondent, ANA CECILIA CHABOTTE is irretrievably broken and hereby dissolved.
2. Assets and Liabilities: The Husband/Petitioner and Wife/Respondent shall divide all of their marital assets and -liabilities equally. If the parties are unable to reach an agreement on their own as to a fair division then this matter shall be submitted to mediation which shall be binding.
3. Retention of Jurisdiction: The Court retains jurisdiction as to all proper matters herein other than the actual dissolution.
Although the argument section of appellant’s brief is only one page, that is all that is necessary to make it perfectly clear that Judge Korda failed to carry out the statutory duties imposed on trial judges in dissolution cases. Section 61.075(1), Florida Statutes requires the trial court to distribute non-marital assets and liabilities and marital assets and liabilities.[1] Section 61.08(1), Florida Statutes requires the court to award or deny alimony with findings of fact. Even if this judge was unaware of these omissions when he signed the judgment, it was explained to him in appellant’s motion for rehearing, which he denied.
We therefore reverse and remand for the court to equitably distribute the marital assets and liabilities as is required by section 61.075(1), to award or deny alimony with findings of fact as is required by section 61.08(1), Florida Statutes, and to rule on the other claims advanced by appellant, including attorney’s fees.
Reversed.
DELL and FARMER, JJ., concur.

. See also, White v. White, 686 So.2d 762 (Fla. 5th DCA 1997); Dease v. Dease, 688 So.2d 454 (Fla. 5th DCA 1997); Keaton v. Keaton, 634 So.2d 798 (Fla. 4th DCA 1994); Romano v. Romano, 632 So.2d 207 (Fla. 4th DCA 1994).