712 So.2d 822 (1998)
Rickey N. THOMAS, Appellant,
v.
Ruth M. THOMAS, Appellee.
No. 96-04150.
District Court of Appeal of Florida, Second District.
July 8, 1998.
*823 Gerald C. Surfus of Law Office of Gerald C. Surfus, Sarasota, for Appellant.
Stanley M. Krawetz of Stanley M. Krawetz, P.A., Sarasota, for Appellee.
NORTHCUTT, Judge.
We agree with Mr. Thomas's contention that the value of Mrs. Thomas's court-awarded exclusive use of the former marital home should have been factored into the calculation of Mr. Thomas's child support obligation.
In its final judgment dissolving the Thomases' marriage, the trial court placed primary residential responsibility for the parties' minor child with Mrs. Thomas. Based on Mr. Thomas's 48 per cent share of the parties' combined net income, the court ordered him to pay monthly child support of $554 pursuant to the statutory guidelines set forth in section 61.30, Florida Statutes (1995).
The court declared the parties tenants in common of the former marital residence and directed each of them to pay one-half the associated mortgage payments, taxes, and insurance premiums. However, Mrs. Thomas was granted exclusive use and possession of the home for so long as she and the child reside there together during the child's minority. In an order on rehearing the court explained that Mr. Thomas was directed to pay the property expenses pursuant to his obligation as a tenant in common. On the other hand, the court declared that Mr. Thomas's child support obligation should not be reduced by a credit for one-half the fair rental value of the home because Mrs. Thomas's exclusive right to occupy it was an aspect of child support.
The trial court's order correctly applied the applicable law of real property. Each tenant in common is responsible for property expenses in proportion to his or her ownership. At the same time, each such owner is entitled to his or her proportionate share of the property's use, enjoyment, and profits. If one owner takes possession of the property adversely to the other's interest, or otherwise ousts the nonresident owner of his or her right to use and enjoy the property, the nonresident is entitled to be paid his or her proportionate share of the property's fair rental value. On the other hand, if the resident owner does not occupy the property adversely or as the result of an ouster, the property is deemed to be occupied on behalf of both owners. In that case, the nonresident is not entitled to rent except as an offset against the resident owner's claim for a contribution to property expenses. See Barrow v. Barrow, 527 So.2d 1373, 1377 (Fla.1988); Brisciano v. Byard, 615 So.2d 213 (Fla. 1st DCA 1993).
Notwithstanding the foregoing, when an owner's possession of the property is an aspect of court-ordered support, the nonresident may not claim rent, even though the resident owner has been granted the exclusive right to occupy the property, and even though the nonresident has been directed to pay his or her share of the property expenses. See Berger v. Berger, 559 So.2d 737 (Fla. 5th DCA 1990). Thus, the trial court correctly declined to apply Mr. Thomas's share of the home's rental value against his child support obligation.
Nevertheless, under the law governing child support, Mrs. Thomas's exclusive right to occupy the home should have been taken into account. Section 61.30(2)(a)13. provides that for purposes of calculating child support, a party's gross income includes *824 "in kind payments to the extent that they reduce living expenses." These include housing or housing expenses. See Chapoteau v. Chapoteau, 659 So.2d 1381 (Fla. 3d DCA 1995); Garcia v. Garcia, 560 So.2d 403 (Fla. 3d DCA 1990). See also Sency v. Sency, 478 So.2d 432, 433 (Fla. 5th DCA 1985) (award of exclusive occupancy of home characterized as "child support in kind").
Here, but for the terms of the final judgment, Mrs. Thomas could not have occupied the home to the exclusion of Mr. Thomas without either paying him half the property's fair rental value or incurring his offset in that amount against his share of the property expenses. Clearly, then, Mrs. Thomas's living expenses were reduced by that sum, and the statute mandated its inclusion in her gross income.
Mrs. Thomas's argument that she was awarded occupancy of the home pursuant to the court's authority under the equitable distribution statute is unavailing. Section 61.075(1)(h), Florida Statutes (1995), does provide that when dividing the parties' assets, the court may consider the desirability of retaining and awarding exclusive possession of the marital home as a residence for any dependent child. But that statute does not alter the operation of section 61.30(2)(a). To the contrary, when the court's distribution of assets affects the parties' gross incomes, those awards must be taken into account when calculating child support. See Stock v. Stock, 693 So.2d 1080, 1085 (Fla. 2d DCA 1997) (when calculating child support court should not have charged wife with income that was awarded to husband in equitable distribution scheme).
We reverse the portion of the final judgment establishing Mr. Thomas's monthly child support obligation, and we remand with directions to recalculate child support after determining the fair rental value of the former marital home and including half that sum in Mrs. Thomas's gross monthly income.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.