ON MOTION FOR REHEARING
STONE, Chief Judge.
We grant rehearing, withdraw our previously issued opinion, and substitute the following in its place:
The parties were divorced in 1992. The final judgment of dissolution incorporated a marital settlement agreement. Wife later sought to modify this judgment, and the trial court entered a judgment of modification in 1994. Wife filed an appeal of this order which resulted in an opinion in which this court ordered the trial court to redetermine the day care portion of the child support award. See Daley v. Daley, 664 So.2d 79 (Fla. 4th DCA 1995). Both parties subsequently filed petitions for modification which were heard along with the day care expense issue on remand.
On rehearing, we conclude that the court erroneously calculated the day care expenses owed to the former wife. The former wife was entitled to the difference between the properly computed day care expense award (as determined by the court in the order being appealed) and an incorrect figure which was awarded in 1994 (the subject of the previous remand). The former wife argues that the trial court erred by not reducing the previous day care expense award by 25%, as the court in 1994 would have been required to do under § 61.30(7), Florida Statutes (1997). After further examining the calculations made by the trial court in 1994, we now recognize that the trial court must have applied the 25% reduction to the day care expense award.[1] Therefore, the court on remand erred by failing to reduce the 1994 day care expense award by 25% before calculating the difference between *616 1997 day care expense figure and the 1994 figure.
Additionally, although the difference will almost certainly be negligible, the trial court also erred by deducting $140 a month from Husband’s gross income for the children’s health insurance. Florida Statute Section 61.80(8) provides that health insurance costs for children should be added to the basic obligation and then any money prepaid by the non-custodial parent should be deducted from that parent’s child support obligation. See Savery v. Savery, 670 So.2d 1034 (Fla. 4th DCA 1996) (cost of health care insurance for minor children was to be added to basic obligation, not subtracted from it, to determine husband’s child support obligations).
On remand, the trial court’s modification order should, therefore, be recalculated in accordance with this opinion. As to all other aspects of the modification of final judgment, we affirm.
GROSS, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. The 1994 order awarded Wife $1,078.45 a month in support. The only conceivable way that the court could have arrived at this number is if it added the child support award mandated by the guidelines ($1,315) to the health insurance expenses ($238.75) and day care expenses ($473) for a total of $2,026.75. If this total figure is reduced by 25% before assessing 71%, the total is $1,079 ($2,026.75 — 25% ($506.68) = $1,520.05. $1,520.05 x 71% = $1,079). We recognize that the court should not have reduced the guidelines figure and the health insurance expenses by 25%, as this statutory reduction applies exclusively to the day care expenses. However, this issue was never raised in the first appeal, so we cannot consider it now.