734 So.2d 470 (1999)
J. Brian KING, Appellant,
v.
Kathy Ann KING, Appellee.
No. 98-1539.
District Court of Appeal of Florida, Third District.
May 12, 1999.
*471 Cynthia L. Greene, Miami, for appellant.
Richard T. Kozek, Miami, for appellee.
Before COPE, LEVY, and GODERICH, JJ.
PER CURIAM.
Based on the child support guidelines in effect at the time of the modification proceedings, the general master properly deducted from the husband's income, and added to the wife's income, spousal support paid pursuant to court order in the marriage before the court. See § 61.30(2)(a)9, (3)(g), Fla. Stat. (1997); ch. 96-305, §§ 3, 6, Laws of Fla. (effective May 30, 1996). On this particular issue, the decisions in Lacaria v. Lacaria, 673 So.2d 542, 543 (Fla. 4th DCA 1996), and Pelton v. Pelton, 617 So.2d 714, 716 (Fla. 1st DCA 1992), are no longer good law by reason of the 1996 statutory change. The trial court erred in granting the former wife's exception on this point. Further, because the general master's factual findings are supported by competent evidence, we find that the trial court also erred in granting the former wife's remaining exceptions to the general master's report. For these reasons, we reverse the trial court's order granting the former wife's exceptions and remand with directions to reinstate the general master's report and recommendations. See Goldfarb v. Agran, 546 So.2d 24 (Fla. 3d DCA 1989); Bragassa v. Bragassa, 505 So.2d 556 (Fla. 3d DCA 1987).
Reversed and remanded.