734 So.2d 529 (1999)
Richard T. HANLEY, Appellant,
v.
Sharon Beck HANLEY, Appellee.
No. 97-3745.
District Court of Appeal of Florida, Fourth District.
May 26, 1999.
George P. Ord of George P. Ord, P.A., Palm Beach, for appellant.
Martin L. Haines, III of Martin L. Haines, III, Chartered, Lake Park, for appellee.

ON MOTION FOR CERTIFICATION
STONE, C.J.
We grant Appellant's motion for certification of conflict, withdraw our opinion filed March 17, 1999, and substitute the following opinion.
We reverse the final judgment of dissolution of marriage. The court erred in its determination of the wife's income. The trial court's imputation of income to the husband in the amount of $3,074 per month has not been challenged in this appeal.
The error in determining the wife's income arises out of the financial statements of Corporate Airsearch International (CAI), the wife's airplane brokerage business, and the differing income amounts reflected in two financial reports prepared by Richard Briscoe, CPA, and introduced into evidence by the wife. One report was prepared at the inception of the divorce, and the other, a supplemental report, was prepared approximately two years later, shortly before the trial.
The original report showed the wife's gross income as $47,904 ($3,012 per month). The supplemental report computed the wife's gross annual income as $66,053, and net income after withholding and social security of $49,421 ($4,118 per month). The accountant also testified that *530 he did not include some of the wife's reimbursed personal expenses. In the final judgment, the trial court erroneously relied on the first outdated report and found that the wife earns approximately $3,012 per month instead of the updated figure $4,118, arrived at in the supplemental report.
We have considered and reject the other support issues raised. By its judgment, the trial court also ordered that the marital home be sold, but not until the dependent child completes high school. The trial court ordered that prior to the sale, the wife and child shall have exclusive use, occupancy, and possession of the marital home until sold. The court also required the husband to pay one-half of the mortgage, taxes, insurance, and maintenance expenses of the home place during the period of the wife and child's exclusive occupancy without credit upon sale.
The child, age 18, has learning disabilities and is need of special schooling. He attends a private school at a yearly tuition of $16,000. The court found that the child is dependent for additional support beyond age eighteen (18) due to his special needs.
The husband was ordered to pay monthly child support in the amount of $649.00, which support was ordered to be continued beyond the child's eighteenth birthday due to his special needs, and to continue until the trial court determines that he is no longer dependent within the meaning of section 743.07, Florida Statutes. The court found that the husband has the financial ability to contribute to the minor child's education needs to complete high school, and ordered him to pay one-half the child's private school tuition.
A trial court may not deviate from the guideline support amount in excess of 5% without providing justification by way of explanation for the departure. Lacaria v. Lacaria, 673 So.2d 542 (Fla. 4th DCA 1996). Upon examination of the record, it is clear that the support award reflects the provision of health insurance as required by section 61.30(3)(e), Florida Statutes (1995); therefore, we find no deviation from the guideline support amount. See Daley v. Daley, 714 So.2d 614 (Fla. 4th DCA 1998). As justification for the child support payment for one-half the child's private school tuition, the trial court also satisfied the requirements of section 61.30(1)(a), Florida Statutes, by explaining that the child's special educational needs required continuation past his eighteenth birthday.
We have considered and reject the husband's assertion that his obligation to pay one-half of the home place expenses must be considered part of the child support obligation. Here, that clearly was not the intent of the trial court. Each of the parties was ordered to pay his or her own share of carrying their joint asset. It is essentially irrelevant that this child would be living in the house until graduation. Therefore, there is no need for the court to offer any further explanation. In this regard, we certify conflict with Thomas v. Thomas, 712 So.2d 822 (Fla. 2d DCA 1998) (the husband and wife jointly owned the marital home, the wife was given exclusive possession during the children's minority, and both parties were ordered to pay one-half of the expenses of the home place). The Thomas court held that the husband's payment of the home place expenses was not child support, but rather "reimbursed expenses or in-kind payments to the extent that they reduce living expenses" to be added to gross income for purposes of computing child support. § 61.30(2)(a)13, Fla. Stat. (1995). We disagree with the holding in Thomas and interpret section 61.30(2)(a)13 to include such payments reimbursed by another, not payments made by a spouse as part of his or her obligation to maintain jointly-held property. See Hinton v. Smith, 23 Fla. L. Weekly D2505, 725 So.2d 1154 (Fla. 2d DCA 1998)("We believe the legislature intended the `reimbursed expenses and in kind payments' to cover items such as food, housing and vehicles furnished by the employer who is *531 paying wages." (emphasis added)). See also Jones v. Jones, 679 So.2d 1270 (Fla. 2d DCA 1996); Chapoteau v. Chapoteau, 659 So.2d 1381 (Fla. 3d DCA 1995).
We distinguish the circumstances here from those in which the custodial spouse and child are given possession of the other spouse's sole property paid for at the other's sole expense. Dyer v. Dyer, 658 So.2d 148 (Fla. 4th DCA 1995) (court order for wife and child to remain in marital home owned solely by the husband, at the husband's expenses, held to be a part of the child support package); Fullerton v. Fullerton, 709 So.2d 162 (Fla. 5th DCA 1998).
We do not address the husband's contention that the court ordered maintenance payment includes such items as pool, water, and electric expense, as the wife concedes that the same are not within ordered maintenance.
In all other respects, we find no reversible error or abuse of discretion. We reverse for further proceedings consistent with this opinion. We grant leave on remand for the trial court to consider all relevant factors in re-computing support.
KLEIN, J., concurs.
OWEN, WILLIAM C., Jr., Senior Judge, concurs in part and dissents in part with opinion.
OWEN, WILLIAM C., Jr., Senior Judge, concurring in part and dissenting in part.
I concur in all respects, except as to disposition of the husband's assertion regarding his payment of one-half the marital home mortgage payment, etc. While I do not regard those payments as part of his child support obligation, I agree, as held in Thomas v. Thomas, 712 So.2d 822 (Fla. 2d DCA 1998), that the out-of-possession co-tenant's share of the fair rental value of the marital home should be added to the in-possession co-tenant's gross income for the purpose of computing child support.