THREADGILL, Acting Chief Judge.
In this dissolution of marriage action, the wife appeals a final order that requires the husband to pay only twenty-five percent of her attorney’s fees and costs. The wife argues that the trial court abused its discretion by making a partial award of attorney’s fees and costs, given the substantial disparity in the parties’ incomes. We reverse.
The parties, both physicians in their late thirties, were married in April 1989. A petition for dissolution of marriage was filed in November 1995. The parties have three young children. The final judgment of dissolution awarded shared parental responsibility, with the wife designated as the primary custodial residential parent. At the time of the final hearing, the wife was earning an annual salary of approximately $105,000, and the husband was earning an annual salary of approximately $250,000. The trial court ordered the husband to pay child support to the wife in the amount of $3,529 per month. As equitable distribution, the parties were awarded the automobiles and personal property already in their possession. The husband was awarded the marital home with an equity of $133,564, and he was directed to pay the wife $60,000 within five years as part of the equitable distribution. The wife was also awarded full interest in her retirement plan, valued at approximately $16,-000. The trial court did not award permanent periodic or rehabilitative alimony. The parties do not challenge the final judgment of dissolution.
At the hearing on the wife’s motion for attorney’s fees, the husband did not challenge the reasonableness of the amount of fees sought. His argument primarily involved the wife’s need and his ability to pay. The trial judge who presided at the attorney’s fees hearing had not presided at the final dissolution hearing. At the conclusion of the fees hearing, the judge acknowledged that she was bound by the finding of her predecessor judge in the final judgment, which stated as follows: “There exists a great disparity of income between the parties and the Husband should pay or contribute towards the Wife’s attorney’s fees and costs. The Wife presently earns $105,000.00 per year and the husband earns $250,000.00 per year *1197 plus the possibility of a bonus each year.” In ruling on the fees issue, however, the judge stated, “I don’t find it would be equitable to require Dr. Steven Tresser to pay the totality of fees.... What I do think would be equitable would be to require Dr. Steven Tresser to pay twenty-five percent of those, which is approximately twenty-five thousand dollars.” The judge made no other findings with regard to her ruling.
It may be an abuse of discretion to grant a partial award of attorney’s fees where there is a substantial disparity between the parties’ incomes. See Anciaux v. Anciaux, 666 So.2d 577 (Fla. 2d DCA 1996); see also Margulies v. Margulies, 645 So.2d 54 (Fla. 4th DCA 1994). In determining whether attorney’s fees should be awarded, the parties’ financial positions are to be considered after incomes have been transferred from the pay- or spouse to the receiving spouse. See Pelton v. Pelton, 617 So.2d 714 (Fla. 1st DCA 1992). This includes subtracting the receiving spouse’s share of the child support obligation to determine income. See Id. at 717.
Here, the trial court found that the husband’s annual gross income from his medical practice was at least $250,000. Subtracting his child support obligation results in an income of $208,000. The trial court found that the wife’s annual gross income was $105,000. Subtracting her share of the child support obligation results in an income of $88,200. In light of the substantial disparity in the parties’ annual incomes, we conclude the trial court erred in ordering the husband to pay less than fifty percent of the wife’s fees. See Lowman v. Lowman, 724 So.2d 648 (Fla. 2d DCA 1999). The lack of any income-producing assets being distributed to the wife makes her need even more apparent. See Nelson v. Nelson, 588 So.2d 1049 (Fla. 2d DCA 1991).
We therefore remand for the trial court to order the husband to pay all of the wife’s costs and at least fifty percent of her attorney’s fees. As in Lournan, we hold that the wife is entitled to a much larger percentage of her fees to be paid by the husband, and we leave the exact percentage rate over fifty percent to be determined within the trial court’s discretion.
Reversed.
NORTHCUTT, J., Concurs.
ALTENBERND, J., Concurs specially.