760 So.2d 1048 (2000)
Peggy Jo COOPER, Appellant,
v.
Steven COOPER, Appellee.
No. 2D98-4805.
District Court of Appeal of Florida, Second District.
June 16, 2000.
Cynthia L. Greene of Law Offices of Cynthia L. Greene, P.A., Miami and Law *1049 Offices of Alison B. Copley, Sebring, co-counsel for Appellant.
James E. Tompkins, Lake Placid and Anthony A. Accorsi of Trombley, Lobozzo, Schommer, Disler & Accorsi, Sebring, co-counsel for Appellee.
FULMER, Judge.
Peggy Jo Cooper ("Wife") appeals the final judgment dissolving her marriage to Steven Cooper ("Husband"). The parties were married in 1984 and separated in 1997. The central issue in the trial court was the primary physical residence of the parties' six-year-old son, which the trial court placed with the Husband. On appeal, the Wife challenges the trial court's (1) award of primary physical residence of the child to the Husband, (2) award of exclusive use and possession of the marital home to the Husband, (3) determination of child support and medical expenses, (4) determination of equitable distribution and (5) denial of the Wife's request for attorney's fees and costs.
Because the trial court did not abuse its discretion in the custody determination, we affirm the judgment in that regard. We also affirm the trial court's award of the exclusive use and possession of the marital home to the Husband for so long as he is the residential parent of the minor child. We reverse and remand, however, for the trial court to reconsider the child support award, the equitable distribution, and the Wife's request for attorney's fees.
In the final judgment, the trial court ordered the Wife to pay $289 per month in child support. However, the trial court did not set forth findings of fact pertaining to the parties' respective incomes and ability to pay. In a child support case such as this, a final judgment is deficient "in the absence of explicit factual findings concerning the actual incomes attributable to the Husband and the Wife, the amount and source of any imputed income, the probable and potential earnings level, and the adjustments to income." Segall v. Segall, 708 So.2d 983, 988 (Fla. 4th DCA 1998). Thus, on remand, the trial court should reconsider its child support award and set forth findings upon which the calculation is based, including the amount and source of the parties' actual income. If the amount awarded is a deviation from the child support guidelines, the trial court must set forth reasons that support such deviation in accordance with section 61.30(1)(a), Florida Statutes (1997).
The trial court awarded the Husband exclusive use and possession of the parties' former marital residence "for so long as he has the primary physical residence of the minor child." During the Husband's exclusive use, he is obligated to make all payments on the mortgages, taxes, insurance, assessments and maintenance. Thereafter, the home is to be sold with the Husband receiving a credit against the Wife's share of the proceeds for one-half of such payments made by him. However, the trial court did not address the rental value of the Husband's exclusive use and occupancy. Under the law governing child support, the trial court should have taken into account the Husband's exclusive right to occupy the home for the purpose of establishing the Husband's gross income. See Thomas v. Thomas, 712 So.2d 822, 823-24 (Fla. 2d DCA 1998). Although this issue was first raised on appeal, because we have already determined that the trial court must reconsider its child support award, that reconsideration should also include a determination of the fair rental value of the former marital home, one-half of which should be included in the Husband's gross monthly income. See id. at 824.
The final judgment requires the Husband to maintain medical insurance on behalf of the minor child and that each party pay "one-half of all medical, dental, doctors, hospitals, pharmaceutical and optometric expenses not covered by insurance." A trial court must make a provision in the final judgment for the payment *1050 of uncovered medical expenses of children, "to be paid by either or both parties based on a factual determination of each party's ability to pay." Green v. Green, 681 So.2d 769, 770 (Fla. 2d DCA 1996). Here, the record indicates that the parties had unequal incomes. Thus, the Wife's contribution should have been less than half. On remand, the trial court must make a factual determination as to each parties' ability to pay the uncovered medical expenses.
Further, the trial court erred in failing to limit the amount to be paid by the Wife for such uncovered medical expenses. A trial court must set a reasonable limit on the amount of medical insurance and the amount of uncovered medical expenses to be paid by a party on behalf of children. See Edgar v. Edgar, 668 So.2d 1059, 1061 (Fla. 2d DCA 1996).
Regarding the equitable distribution, the Husband concedes error in that the final judgment does not recite findings of fact as to marital versus nonmarital property, the amount of the parties' marital liabilities, and a valuation for the marital assets. "In a dissolution of marriage proceeding, the trial court must make an equitable distribution of all marital assets and liabilities. To accomplish this distribution, the court must identify and determine a value for the marital assets." Esposito v. Esposito, 651 So.2d 1248, 1248 (Fla. 2d DCA 1995) (internal citations omitted). Accordingly, we reverse the equitable distribution and remand for the trial court to consider the equitable distribution anew.
Finally, we reverse the trial court's determination on attorney's fees. Although the record is not clear on this point, it appears from our review of the transcript that the parties proceeded to trial with the understanding that attorney's fees would be addressed in a separate proceeding. In any event, both parties agree, and this court directs, that the issue of fees should be reconsidered after the trial court revisits the issues of child support and equitable distribution.
Affirmed in part, reversed in part, and remanded with directions.
CAMPBELL, A.C.J., and WHATLEY, J., Concur.