WETHERELL, J.
Appellant, the former wife, seeks review of the three orders on her supplemental petition for modification of child support. She raises five issues,[1] four of which have *970 merit and require reversal as explained below.

Background

The parties’ marriage was dissolved by a consent final judgment in October 2003 pursuant to which the former wife was awarded primary residential custody of the parties’ three minor children and the former husband was ordered to pay $1,400 per month in child support. The former husband has always been current on his child support and, commendably, he also routinely made additional payments when requested by the former wife because, according to his testimony, he wanted to make sure the children were well taken care of and had everything they needed. These payments were made through the state child support depository and totaled approximately $23,000. The payments were not set aside or placed in a separate account for the children’s future needs but rather were expended on the children’s current needs, including tutors and extracurricular activities. The former husband stopped making the additional payments in March 2009.
Thereafter, on August 31, 2009, the former wife filed a supplemental petition for modification of child support in which she alleged that the former husband’s income and the needs of the children had substantially increased since the entry of the consent final judgment. The former husband filed an answer in which he denied that an increase in child support was warranted. The trial court considered the petition over the course of three evidentiary hearings (in September 2010 before Judge Stetson and in March 2011 and November 2011 before Judge Merrett), with a separate order resulting from each hearing, culminating in a final order dated January 13, 2012.
In these orders, the trial court granted the supplemental petition for modification and increased the former husband’s child support to $1,882 per month (which is the guideline amount less 5% based on the former husband’s “history of timely and additional payments”); however, the court also (1) determined that the former husband had paid approximately $23,000 more than his court-ordered child support obligation and reduced his child support by $438 per month “for the remainder of the time [he] is required to pay child support ... to account for the overpayment credit,” (2) denied the former wife’s request for increased child support retroactive to the date the supplemental petition was filed, (3) required the parties to split unreim-bursed medical expenses equally rather than in proportion to their incomes, (4) ordered the parties to split the children’s orthodontic expenses equally despite a provision in the consent final judgment requiring the former husband to pay 100% of those expenses, and (5) denied the former wife’s request for attorney’s fees. The former wife timely appealed the orders containing these adverse rulings.[2]

*971
Analysis

In her first issue on appeal, the former wife argues that the trial court abused its discretion by providing the former husband a credit against his future child support obligation for the excess child support he voluntarily paid from 2003 to March 2009. We agree.
It is undisputed that the former husband made the additional payments voluntarily to provide for the children’s needs. Although the former husband also testified that he made the payments to build up a “buffer” in the child support depository in case he lost his job or something happened to him on active duty in the military, it was undisputed that he never told the former wife that the payments were intended to be an advance on his future child support. Additionally, the trial court found that it would be an “undue hardship” on the children and the former wife to require repayment of these funds because “the money is [not] sitting anywhere to be spent now” and the children “cannot presently benefit from the prior overpayment.”
Under these circumstances, it was an abuse of discretion for the trial court to award the former husband a credit against his future child support obligation for the excess support he voluntarily paid in the past. See, e.g., Hubshman v. Hubshman, 379 So.2d 670, 671 (Fla. 4th DCA 1980) (reversing credit awarded against future alimony for prior overpayments because there was no agreement between the parties that the excess payments were intended to be an advance on future alimony, and observing that “allowing] a husband to offset monthly alimony due in 1979 by overpayments generously made in 1970 without any agreement [that the overpay-ments were an advance on future alimony] could leave an erstwhile wife destitute”); Martinez v. Martinez, 383 So.2d 1153, 1155 (Fla. 3d DCA 1980) (“The husband is not entitled to a refund of overpayments of alimony where the overpayments were voluntarily made and not contemplated as a loan from the husband to the wife.”); but cf. Wooten v. Wooten, 510 So.2d 1033, 1035 (Fla. 2d DCA 1987) (remanding for further proceedings on former husband’s claim for recoupment of child support overpayments-to determine whether such relief would be equitable under the circumstances of that case). Accordingly, we reverse the credit awarded to the former husband for his voluntary overpayment of child support and vacate the corresponding reduction in his ongoing child support obligation.
In her second issue on appeal, the former wife argues that the trial court abused its discretion by failing to make the increased child support award retroactive to the date the supplemental petition for modification was filed. We agree.
“When child support is modified, retroactivity is the rule rather than the exception.” Miller v. Miller, 826 So.2d 480, 481 (Fla. 1st DCA 2002) (quoting Levi v. Levi 780 So.2d 261, 263 (Fla. 3d DCA 2001)). “It is an abuse of discretion ... to fail to award support from the date of the petition for modification where the need for the support and the ability of the former spouse to pay existed at the time that the modification petition was filed.” Anderson v. Anderson, 609 So.2d 87, 89 (Fla. 1st DCA 1992).
Here, by granting the supplemental petition for modification, the trial court found that the children’s needs had increased,[3] *972 and there is no record basis for the trial court’s implicit finding that the need for additional support did not exist at the time the petition was filed. The trial court appears to have based the denial of retroactive support on the fact that the former husband had been paying more than his court-ordered child support; however, the additional payments are an indication that the children’s needs had indeed increased,[4] and it is undisputed that the former husband stopped making the additional payments in March 2009, almost six months prior to the petition being filed. Moreover, because the trial court found that the additional payments made by the former husband had already been spent on the children’s needs, these funds were not available to the former wife at the time the petition was filed to pay for the increased needs of the children. Accordingly, we reverse the denial of retroactive child support and remand with directions that the trial court award the increased support retroactive to the date the supplemental petition for modification was filed.
In her third issue on appeal, the former wife argues that the trial court erred in ordering the parties to split un-reimbursed medical expenses equally rather than in proportion to their incomes. We disagree.
The former wife is correct that, as a general rule, if non-covered medical expenses are ordered to be separately paid, “absent some logically established rationale in the final judgment to the contrary, [they] must be allocated in the same percentage as the child support allocation.” Zinovoy v. Zinovoy, 50 So.3d 763, 764-65 (Fla. 2d DCA 2010); accord Chaney v. Fife, 18 So.3d 44, 45 (Fla. 1st DCA 2009); see also §§ 61.13(l)(b), 61.30(8), Fla. Stat. However, this general rule does not apply here because the record reflects that the parties agreed to split unreimbursed medical expenses equally.
The consent final judgment required the former wife to “maintain health insurance coverage for the benefit of the parties’ three minor children” and further provided that “[e]aeh party shall pay one-half of all non-insurance covered medical expenses incurred in behalf of the minor children.” At the September 2010 hearing on the supplemental petition, the parties agreed to a modification of the former provision by stipulating that the former husband would provide health insurance for the children since he could obtain coverage through the military for virtually no cost. It is clear, however, that the parties did not modify the latter provision because, when the trial court asked whether uncovered expenses, such as co-payments, would be “split 50/50,” the former wife’s attorney responded “that’s in the [consent] final judgment, and we’re not asking that be modified.” Accordingly, we affirm the requirement that the parties continue to split unreimbursed medical expenses equally.
In her fourth issue on appeal, the former wife argues that the trial court erred in construing “health expenses” to include orthodontic expenses, thereby re *973 quiring the parties to split the children’s orthodontic expenses equally. We agree.
Although the consent final judgment required the parties to split unreimbursed medical expenses equally, it is clear that orthodontic expenses were not considered medical expenses because the judgment included a separate provision stating that “[t]he Husband shall pay 100% of all non-insurance covered orthodontal [sic] expenses for the children.” There is no evidence that the parties agreed to modify this provision of the consent final judgment,[5] and because there was no pleading before the trial court seeking a modification of the former husband’s obligation to pay 100% of the- children’s orthodontic expenses,[6] the trial court did not have the authority to unilaterally modify this provision. See Roque v. Paskow, 812 So.2d 500, 502-03 (Fla. 4th DCA 2002) (holding that the trial court erred in modifying a final judgment of dissolution of marriage without proper pleadings requesting the modification); Moody v. Moody, 721 So.2d 731, 734 (Fla. 1st DCA 1998) (reversing an order transferring child custody and can-celling child support when neither party sought a change of custody or modification of child support). That, however, is precisely what the trial court did when it construed “health expenses” to include orthodontic expenses and also required the former wife to pay costs associated with one of the children’s braces. Accordingly, we reverse that portion of the January 2012 order construing “health expenses” to include the children’s orthodontic expenses and vacate the corresponding provisions requiring the former wife to pay the costs of the children’s braces.
In her fifth, and final, issue on appeal, the former wife argues that the trial court abused its discretion in denying her request for attorney’s fees. We agree.
The trial court determined that neither party was entitled to attorney’s fees paid by the other party because, despite what was reflected on the parties’ financial affidavits,[7] there was not a substantial disparity between the parties’ incomes. The trial court did not explain how it calculated the incomes ($70,000 for the former wife, and $85,000 for the former husband) that served as the basis for this finding, but it *974 appears that the court added the child support received by the former wife to the income reported on her financial affidavit in determining her income. This was error. See Pelton v. Pelton, 617 So.2d 714, 717 (Fla. 1st DCA 1992) (“[P]rior to a determination of relative financial conditions on the issue of attorney’s fees and costs, the amounts paid out by the former husband for alimony and child support are to be subtracted from his income, and the amount of alimony received is to be added to the former wife’s income. The trial court also must subtract the former wife’s share of the child support duty to determine her income.”), superseded by statute on other grounds as stated in King v. King, 734 So.2d 470, 471 (Fla. 3d DCA 1999); see also § 61.30(2)-(4), Fla. Stat. (detailing the calculation of gross and net income for child support purposes); Tresser v. Tresser, 737 So.2d 1195, 1197 (Fla. 2d DCA 1999) (concluding that the trial court abused its discretion by requiring the former husband to pay only a portion of the former wife’s attorney’s fees where the calculation of the parties’ annual income in accordance with Pelton reflected a “substantial disparity” of approximately $17,000). Accordingly, we reverse the denial of attorney’s fees to the former wife and remand this issue to the trial court for reconsideration.

Conclusion

In sum, for the reasons stated above, we reverse the credit awarded to the former husband for his voluntary overpayment of child support and the corresponding reduction in his ongoing support obligation, the denial of the former wife’s request for increased child support retroactive to the date the petition for modification was filed, the de facto modification of the consent final judgment requiring the parties to split the children’s orthodontic expenses equally, and the denial of the former wife’s request for attorney’s fees. The orders on appeal are affirmed in all other respects, and this case is remanded for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
LEWIS and MAKAR, JJ., concur.

. Appellant frames four issues in her initial brief, but Issue III asserts two discrete claims: "Whether the trial court erred as a matter of law [1] when it ordered medical expenses that *970 were not covered by insurance to be divided equally when the parties' incomes are not equal and [2] in modifying the parties' responsibility for orthodontia” (emphasis and brackets added). We will address these claims separately as issues three and four.

. The orders appealed by the former wife are those dated January 5, 2011, March 28, 2011, and January 13, 2012. We have jurisdiction to review the January 2012 order under Florida Rule of Appellate Procedure 9.030(b)(1)(A) because that order brought the trial court proceedings on the former wife’s supplemental petition for modification to an end. The scope of our review in this plenary appeal encompasses all matters occurring prior to filing of the notice of appeal, including the rulings challenged by the former wife that were memorialized in the January 2011 and March 2011 non-final orders. See Fla. R. App P. 9.110(h).

. The January 2011 order increasing the former husband’s child support obligation did not include an express finding that the needs of the children had increased, but as Judge Merrett noted during the March 2011 hearing, "that is a necessary [sic] implicit finding *972 contained within the factual findings set out in that order.” The former husband did not cross-appeal the January 2011 order, despite his argument below that the children’s needs were being fully met with the existing child support and that it would be improper to increase his child support based solely on the increase in his income.

. See Tash v. Oesterle, 380 So.2d 1316, 1319 (Fla. 3d DCA 1980) ("Voluntary payments continued over a significant period of time to meet specific needs do have evidentiary value tending to show recognition by the parties of increased needs of a child.”) (citing Jelke v. Jelke, 233 So.2d 408 (Fla. 3d DCA 1970)).

.We recognize that the January 2012 order states that, "[i]n response to Former Wife raising the issue of Former Husband being responsible for all orthodontia, Former Husband testified that based on the agreement of the parties at the trial held September 24, 2010, ‘all health expenses not covered by insurance’ was meant to include orthodontia as well.” However, we find no such testimony in the record. The former husband’s attorney did argue at the November 2011 hearing that there was "a new order” (presumably the January 2011 order memorializing the parties’ agreement that the former husband maintain health insurance for the children) requiring the former husband to pay only half of the children's orthodontic expenses, but as the then-pro se former wife correctly pointed out in response, the "new order doesn't list orthodontics” and "what was finalized in the [consent final judgment] stays the same unless it was changed.”

. We note that the former husband filed a motion for contempt in May 2010 alleging that the former wife violated the shared parental responsibility requirements of the consent final judgment concerning the children's education and discipline and that she and her mother interfered with his visitation. The motion did not raise any issue with, or seek a modification or clarification of, the terms of the consent final judgment requiring the former husband to pay 100% of the children’s orthodontic expenses. The issues raised in the motion were amicably resolved by the parties during the September 2010 hearing, as memorialized in an order dated December 22, 2010.

. The financial affidavits reflect that the former husband’s gross income is approximately $9,000 per month, whereas the former wife’s gross income is only $4,000 per month.