NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GIANE K. SANTOS,                         )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D13-5566
                                         )
FELIPE DOS SANTOS,                       )
                                         )
            Appellee.                    )
_____)

Opinion filed May 6, 2015.

Appeal from the Circuit Court for Collier
County; Christine Greider, Judge.

Justin C. Carlin of Golden & La Neve, Fort
Lauderdale, for Appellant.

James W. Chandler of Law Office of James
W. Chandler, P.A., Naples, for Appellee.


KHOUZAM, Judge.

        Giane K. Santos, the former wife, appeals the final judgment modifying the

parenting and child support plans.  We reverse the final judgment's modification of the

child support plan because the trial court used outdated financial information from both

the former wife and the former husband, Felipe Santos, in calculating the amount of

child support.  We affirm the remaining issue on appeal without comment.

The parties filed petitions to modify or clarify the child support plan. In support of their petitions, both parties filed updated financial affidavits. However, in ruling on the petitions and calculating the amount of child support, it appears that the trial court used the affidavits filed in connection with the original dissolution instead of the updated affidavits filed with the modification petitions.

The use of outdated financial information in calculating a child support award can constitute reversible error. See Mitchell v. Mitchell, 841 So. 2d 564, 570 (Fla. 2d DCA 2003) ("Notwithstanding that Ms. Mitchell's income was rising at the time of the final hearing in 2000, the circuit court used her outdated 1999 gross income figure. This was error."); Hanley v. Hanley, 734 So. 2d 529, 530 (Fla. 4th DCA 1999) ("In the final judgment, the trial court erroneously relied on the first outdated report and found that the wife earns approximately $3,012 per month instead of the updated figure $4,118, arrived at in the supplemental report."). Here, the court erroneously used the affidavits filed in connection with the initial dissolution proceedings as opposed to the updated affidavits filed with the petitions.

Therefore, we reverse the final judgment with respect to the child support modification and remand for the trial court to reconsider the support award in light of the parties' updated financial information.

Affirmed in part, reversed in part, and remanded.

NORTHCUTT and LUCAS, JJ., Concur.