DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CRYSTAL NADEAU,**
Appellant,

v.

**HENRY REEVES,**
Appellee.

No. 4D21-1731

[October 20, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Renatha S. Francis, Judge; L.T. Case No. 502020DR002269.

Charles E. Jarrell of Lulich Attorneys & Consultants, P.A., Vero Beach, for appellant.

No appearance for appellee.

GROSS, J.

In a mother's appeal of a final judgment of paternity, we affirm in all respects except one. We reverse the circuit court's determination of the mother's child support obligation and remand for a reduction of child support based on the $2,080 per month income level described below.

After a non-jury trial, the circuit court imputed income to the mother at $2,080 per month pursuant to section 61.30(2)(b), Florida Statutes (2021), for purposes of determining child support. In addition, to compute the mother's share of child support, the court credited the mother with $1,538.50 in additional income based on the mother's testimony that her husband pays for all the expenses on her financial affidavit and that she reasonably expected him to continue covering those expenses.

Section 61.30(2)(a)13., Florida Statutes (2021), provides that "gross income" includes "[r]eimbursed expenses or in kind payments to the extent that they reduce living expenses." This provision has been interpreted to "cover items such as food, housing and vehicles furnished by the employer

who is paying wages." *Hinton v. Smith*, 725 So. 2d 1154, 1158 (Fla. 2d DCA 1998).

In computing a parent's child support obligation where that parent has remarried, it is error to use a new spouse's contributions to inflate the income of the remarried parent. *See Hilbrands v. Hilbrands*, 320 So. 3d 938, 940 (Fla. 2d DCA 2021) ("[I]t is error to impute additional income to a party based on 'in-kind contribution[s]' from a new spouse."); *Hinton*, 725 So. 2d at 1158 ("The effect of a former spouse's remarriage to a new spouse who can contribute to expenses may be an increase in the former spouse's disposable income after he or she pays child support obligations, but it plays no role in calculating child support."); *see also Hanley v. Hanley*, 734 So. 2d 529, 530–31 (Fla. 4th DCA 1999) (citing favorably to *Hinton*).

None of the cases which the circuit court cited in the final judgment involved a situation where income was inflated based on support from a new spouse; instead, those cases concerned regular support payments made by a spouse's parent. *See Ordini v. Ordini*, 701 So. 2d 663 (Fla. 4th DCA 1997) (husband's parents provided regular support); *Cooper v. Kahn*, 696 So. 2d 1186 (Fla. 3d DCA 1997) (ex-wife's mother continuously paid ex-wife's monthly living expenses); *Thalgott v. Thalgott*, 571 So. 2d 1368 (Fla. 1st DCA 1990) (appellee's parents paid for household expenses on a regular basis); *Garcia v. Garcia*, 560 So. 2d 403 (Fla. 3d DCA 1990) (husband's father and the family business paid for husband's various expenses such as housing, a car, and credit card expenses).

The circuit court erred by inflating the mother's income based on the support she receives from her new spouse. This error appears on the face of the final judgment, warranting reversal even in the absence of a transcript of the proceedings below. *See Matteis v. Matteis*, 82 So. 3d 1048, 1048 (Fla. 4th DCA 2011).

*Affirmed in part, reversed in part, and remanded.*

MAY and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2