DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NICOLE LIFAITE,**
Appellant,

v.

**WILNER JEAN CHARLES,**
Appellee.

No. 4D21-1038

[February 9, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 502017DR006466XXXXNB.

Ralph T. White of The Law Office of RT White, Palm Beach Gardens, for appellant.

Nicholas F. Demes and John H. Reynolds of Reynolds & Reynolds, P.L., West Palm Beach, for appellee.

GERBER, J.

The former wife appeals from the circuit court's final judgment of dissolution of marriage. The former wife argues the circuit court erred in its equitable distribution and prospective child support calculations, and by failing to award retroactive child support.

We agree with the former wife's arguments, a portion of which the former husband concedes. Thus, we reverse the final judgment to the extent argued by the former wife. We will address each of the former wife's arguments in turn.

### *Equitable Distribution*

In the final judgment, the circuit court allocated certain marital assets to be split 50-50 between the parties: existing bank account funds; child support monies which the former husband had paid for his child from a previous relationship; and rental proceeds. The former wife argues the circuit court's 50-50 allocation was in error because the trial evidence

showed the former husband had sole access to, and control over, the subject assets.

We agree that the circuit court erred in allocating 50-50 the existing bank account funds to which the former wife had no access, and the child support monies which the former husband had paid for his child from a previous relationship. However, the circuit court properly allocated 50-50 the parties' rental proceeds.

As to the existing bank account funds, the former husband did not dispute he had sole access to those funds. The circuit court, however, improperly found the former wife also had access to those funds. The circuit court should have found the former husband had sole access to those funds.

Similar reasoning applies to the circuit court's 50-50 allocation of the child support monies which the former husband paid for his child from a previous relationship. The former husband did not dispute those monies were solely his assets.

However, the circuit court properly allocated 50-50 the parties' rental proceeds. As the circuit court found in the final judgment:

> [N]either party made any effort to ensure the LLC [which held the rental properties] maintained accurate financial/accounting records. ... [T]he Court is unable to determine what if any of the LLC investment properties produced any net profits.
>
> ... [T]he parties['] questionable business practices were not only known to both parties but were also readily accepted by both parties.
>
> ... As such, ... [a]ny assets/liabilities of the LLC shall be shared equally between the parties.

Based on the foregoing, we reverse the final judgment's equitable distribution determination, and remand for the circuit court to reallocate solely to the former husband the existing bank account funds to which the former wife did not have access, and the child support monies which the former husband had paid for his child from a previous relationship, and then recalculate the equitable distribution's equalization payment due to the former wife accordingly. *See Doyle v. Doyle*, 789 So. 2d 499, 501 (Fla. 5th DCA 2001) ("[N]otwithstanding the trial court's wide discretion in

2

dissolution matters, this court must correct mathematical errors made by the trial court.") (citation omitted).

## *Prospective Child Support*

The former wife argues the circuit court erred in calculating prospective child support in three respects, by: (1) using an incorrect income amount for the former wife; (2) using an incorrect income amount for the former husband; and (3) failing to include the former wife's childcare expenses in its computation. We agree in all three respects.

First, as the former wife submits, and the former husband concedes, the circuit court's calculation used an incorrect income for the former wife. The circuit court used $4,217.40 as the former wife's net monthly income. However, the former wife's undisputed net monthly income was $3,520.00. The discrepancy appears to be due, in part, to the circuit court's failure to subtract the former wife's monthly health insurance expense in its calculation. *See* § 61.30(3)(e), Fla. Stat. (2020) ("Net income is obtained by subtracting allowable deductions from gross income. Allowable deductions shall include … [h]ealth insurance payments, excluding payments for coverage of the minor child.").

Second, as the former wife submits, and the former husband also concedes, the circuit court's calculation used an incorrect income amount for the former husband and failed to make findings as to how the court arrived at that incorrect amount. The parties' pretrial stipulation and the former husband's third financial affidavit identified the former husband's net monthly income as $3,823.10. The day before trial, the former husband filed a fourth financial affidavit which identified his net monthly income as $2,443.10, which he calculated based on purported negative monthly rental income. On the former husband's proposed child support guidelines worksheet, he identified his net monthly income as $4,228.00. Presumably, because of these varying amounts, the circuit court's final judgment expressly found: "The court having carefully considered the [h]usband's testimony regarding his financial situation does not find it credible, true or accurate."

Despite that finding, however, the circuit court's final judgment does not explain, and no view of the evidence supports, the circuit court's ultimate determination—as identified in its child support guidelines worksheet—that the former husband's gross monthly income was $4,085.00, and his net monthly income was $2,646.76. In this respect, the circuit court's final judgment was deficient. *See Segall v. Segall*, 708 So. 2d 983, 988 (Fla. 4th DCA 1998) ("[I]n the absence of explicit factual

findings concerning the actual incomes attributable to the [h]usband and the [w]ife, the amount and source of any imputed income, the probable and potential earnings level, and the adjustments to income, the trial court's final judgment was deficient.").

Third, as the former wife argues, and the former husband does not dispute, the circuit court erred when it calculated prospective child support without considering the former wife's monthly child care payments. *See* § 61.30(7), Fla. Stat. (2020) ("Child care costs incurred due to employment … of either parent shall be added to the basic [child support] obligation.").

The final judgment's child support guidelines worksheet lists "$0" for childcare costs. However, both parties' updated financial affidavits listed an amount for "monthly … babysitting, or [child] care." The former husband's third affidavit—which was executed less than three months before trial commenced—listed $200, and the former wife's affidavit listed $310. Additionally, the former wife testified that she paid the childcare expenses, while the former husband testified he "never paid … in 2020 for … babysitting or [child] care."

In sum, because the circuit court used incorrect income amounts for both parties, and failed to include childcare costs in its child support calculation, we reverse the final judgment's prospective child support determination and remand for the circuit court to recalculate prospective child support using the correct figures. *See Cooper v. Cooper*, 760 So. 2d 1048, 1049 (Fla. 2d DCA 2000) (reversing and remanding the final judgment for the trial court to "reconsider its child support award and set forth findings upon which the calculation is based, including the amount and source of the parties' actual income"); *Gillette v. Gillette*, 226 So. 3d 958, 963 (Fla. 4th DCA 2017) ("[O]n remand[,] the court should recalculate child support after including the child care costs incurred by the … [w]ife.").

### *Retroactive Child Support*

The former wife argues the circuit court erred by failing to award retroactive child support where the former husband did not dispute he had not paid the full child support amount during the parties' separation, had not exercised any overnight timesharing, and was able to pay the retroactive support.

We agree with the former wife's argument. Section 61.30(17), Florida Statutes (2020), provides: "In an initial determination of child support …

4

the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition." § 61.30(17), Fla. Stat. (2020).

However, "[a] trial court abuses its discretion when it denies retroactive child support where there is a demonstrated need for the child support and the parent has the ability to pay the retroactive support." *Fla. Dep't of Revenue o/b/o Simpson v. Carreira*, 313 So. 3d 175, 177 (Fla. 1st DCA 2021) (citation omitted).

Here, the former wife demonstrated a need for the retroactive child support and the former husband has the ability to pay the retroactive support. Thus, we remand for the circuit court to calculate and award retroactive child support through the final judgment's date.

### *Conclusion*

In sum, we: (1) reverse the final judgment's equitable distribution determination, and remand for the circuit court to reallocate solely to the former husband the existing bank account funds to which the former wife did not have access, and the child support monies which the former husband paid for his child from a previous relationship, and then recalculate the equitable distribution's equalization payment due to the former wife accordingly; (2) reverse the final judgment's prospective child support determination and remand for the circuit court to recalculate prospective child support using the correct figures; and (3) remand for the circuit court to calculate and award retroactive child support through the final judgment's date.

Those portions of the final judgment not addressed in this opinion are affirmed without further discussion.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and LEVINE, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***