704 So.2d 611 (1997)
Wm. Samuel McALILEY II, Appellant,
v.
Helena H. McALILEY, Appellee.
No. 97-0418.
District Court of Appeal of Florida, Fourth District.
October 22, 1997.
Rehearing and Rehearing Denied December 3, 1997.
*612 Wm. Samuel McAliley II, West Palm Beach, pro se.
J. Steven Reynolds, West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied December 3, 1997.
SHAHOOD, Judge.
Appellant, Wm. Samuel McAliley II, appeals from a Final Order Regarding Modification of Custody, Visitation, Parental Responsibility, and Other Issues rendered on December 11, 1996 and Order Denying Motion for Rehearing rendered January 2, 1997.
Former husband also appeals from nonfinal orders arising from this litigation, including an Order on Pretrial Conference dated November 18, 1996; Order denying Former Husband's Motion to Allow Child to Testify dated November 5, 1996; Order granting Former Wife's Motion to Waive Mediation dated November 5, 1996; Order on [denying] Former Husband's Motion to Continue dated October 16, 1996; Order Denying Father's Application to Set Temporary Relief Evidentiary Hearing dated October 5, 1996; Order granting Former Wife's Motion to Strike Hearing dated September 26, 1996; Order Denying Former Husband's Motions for Injunctions, and Granting Other Relief dated September 5, 1995.
Finally, appellant also appeals from numerous orders denying his motions to disqualify the trial judge from the litigation.
We affirm as to all issues raised by appellant and award appellee attorney's fees based upon appellant's abuse of the judicial process in filing continuous, baseless and vexatious litigation.
Our research of the record in this post-judgment proceeding reveals that appellant, himself an attorney and member of the Florida Bar, has filed numerous appeals and petitions in this court arising from this litigation, many of which are duplicative.
The following history demonstrates appellant's excessive filing of frivolous claims. Appellant sought review of the trial court's order clarifying the final judgment in connection with visitation. That appeal was dismissed as untimely. (Case No. 94-1253). Next, appellant filed an appeal from the trial court's order granting in part the former wife's motion to prohibit appellant's presence at routine medical and dental examinations of the minor child. That appeal was dismissed on July 12, 1995 (Case No. 95-1650).
In August 1995, appellant sought a writ of prohibition to prohibit Judge Phillips from proceeding in the post-dissolution proceedings pertaining to the minor child's custody and visitation. (Case No. 95-2700). The petition claimed error in the denial of appellant's second sworn motion for disqualification of Judge Phillips which the trial judge denied as legally insufficient. Previously, the trial judge had denied an earlier motion for disqualification that was impermissibly predicated on the judge's adverse judicial ruling prohibiting the former husband's presence at the child's routine medical and dental examinations. In August 1995, the writ of prohibition was denied.
In September 1995 (Case No. 95-3365), appellant's third sworn motion for disqualification was denied and declared insufficient as a matter of law. Appellant filed a writ of prohibition [in this court] to prohibit Judge Phillips from presiding over further proceedings; this petition was also denied.
In March 1996, appellant filed a non-final appeal (Case No. 95-3510) appealing from the September 5, 1995, Order Denying Former Husband's Motion for Injunctive Relief, and Granting Other Relief (also appealed herein). In April 1996, in a related case (Case No. 95-4241), appellant also filed a non-final appeal from the trial court's granting former wife's claim for attorney's fees. Both cases surrounded an evidentiary hearing on appellant's claim that the minor child was being harmed by second-hand smoke caused by former wife, and that former wife was telling the child how to behave when visiting with appellant, seeking an injunction against the former wife. Appellant also sought psychological counseling for the child and attorney's fees and costs. Both appeals were per curiam affirmed. Appellant again takes issue (in this appeal) with the trial court's September 5, 1995, ruling.
Also in April 1996, appellant filed a non-final appeal (Case No. 95-4317) from the trial *613 court's November 15, 1995 Order on Former Wife's Motion for Temporary Relief, requiring former husband's visitation with the minor child be supervised until the modification proceedings were resolved. This appeal was per curiam affirmed.
Attorney's fees may be awarded as a punitive measure where a spouse in a domestic relations case institutes frivolous non-meritorious claims that contribute to unnecessary legal expenses, costs and a delay of the proceedings. Crowley v. Crowley, 678 So.2d 435, 439 (Fla. 4th DCA 1996); Mettler v. Mettler, 569 So.2d 496 (Fla. 4th DCA 1990).
As demonstrated above, the record is replete with appellant's abuses of the judicial process to justify our award of attorney's fees. While we are not insensitive to the trauma and emotion associated with a dissolution proceeding, we cannot condone appellant's actions in this case. We hold that appellant's course of conduct with respect to this litigation, on the trial level as well as the appellate level, to be baseless and duplicative and has served no purpose other than to prolong this litigation.
AFFIRMED; REMANDED FOR DETERMINATION OF ATTORNEY'S FEES.
DELL, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring.
If someone asked me what vexatious litigation looks like, the former husband's various filings in this divorce case, especially his antics in these post judgment proceedings, are an excellent example. While I am prepared (from time to time) to excuse noncompliance with technical, procedural rules, and sometimes disregard overly zealous litigation stratagems by pro se parties in divorce cases, the "se" in this case is himself [pun intended] a lawyer. His conduct is thus the more lamentable; it is hardly excusable as coming from someone unlearned in the art.
The majority's opinion fairly surveys the former husband's filings that capture our present attention. Their nature is readily apparent from the very titles and number. They culminated in the principal order we review in this case, which was designated by the trial judge as a "Final Order Regarding Modification of Custody, Visitation, Parental Responsibility, And Other Issues." [emphasis supplied] So many are the "other issues" interjected by this querulous lawyer that the judge required a catch-all designation to encompass them.
In paragraph 5 of this final order, the court stated the following:
"The Former Wife's request for a restriction or limitation upon the Former Husband's initiating new litigation in this case is DENIED. The Court is mindful that, in the five years three months since this action began, the Clerk's office reports 570 docket entries in the official Court records, including numerous Motions, Petitions, and Appeals by the Former Husband to which the Former Wife has been required to respond. During much of the time, the Former Husband has represented himself, in a fashion that sometimes seems to have little connection with reality. However, the Court is reluctant to limit an individual's access to the Court for resolution of valid disputes, and will not make such a limitation in this case at this time. The Court is mindful of the decisions in Martin v. Stewart, 588 So.2d [996] (Fla. 4 DCA 1991) and Kreager v. Glickman, 519 So.2d 666 (Fla. 4 DCA 1988). The Court will apply the sanctions or restrictions described in those cases and consider other suggested remedies, should either of the parties herein file future vexatious, baseless, wasteful motions or petitions. This Court has an obligation to protect the availability of the Court to other deserving litigants for resolution of their grievances, and in equity the Court has an obligation to protect a party from financial ruination resulting from the legal expense incurred in defending baseless, irrational, vexatious claims by another party. These parties have now litigated all claims they made, or could have made, as to each other or their son, Chad, as of November, 1996. The Court will not consider any claims for relief based upon incidents or allegations *614 preceding that date, nor will the Court consider any other claims for relief that have already been adjudicated in this Final Order."
I recognize that the judge's decision not to impose restrictions on the former husband's access to the trial court is a matter of discretion that should not be disturbed by us in the absence of an abuse of that discretion. Nevertheless, I think the judge has been too timid with this obvious misuse of the system by a lawyer for his own ends. If I had been in the trial judge's shoes, I think I would have granted the relief requested by the former wife. See Martin v. Stewart, 588 So.2d 996 (Fla. 4th DCA 1991), mandamus granted, 591 So.2d 182 (Fla.1991); and Attwood v. Eighth Circuit Court, Union County, 667 So.2d 356 (Fla. 1st DCA 1995). A trial judge could properly require that any future filings by the former husband in his own behalf bear the certificate of another lawyer that the paper complies with rule 2.060(d). Fla.R.Jud.Adm. 2.060(d) ("The signature of an attorney shall constitute a certificate by the attorney that the attorney has read the pleading or other paper; that to the best of the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.").
The air these days is filled with talk of lawyer "professionalism". As a judge I have recently participated in bar conferences in which the subject was a specific topic. A number of lawyers have suggested that judges should be less willing to stand by the wayside and permit this scorched earth brand of litigation without judicial intervention. They argue that, while opposing lawyers bear some responsibility for bringing this kind of thing to the attention of the judges involved on the case, where it is apparent on the recordas it undoubtedly is herethe judges themselves should be more willing to take action against offending lawyers.
The raw emotions attending the breakup of a marriage can certainly explain some conduct by the parties that might otherwise be uncharacteristic. But attorneys are held to a higher standard. They are not given their legal training to bludgeon their former spouses into submission. The special knowledge of lawyers is not theirs to turn their personal cases into spectacles of retribution, or to pervert the orderly determination and speedy resolution of legitimately disputed issues. When a lawyer's personal interests are the direct subject of court proceedings, the duty of circumspection for the lawyer involved is to that extent heightened, not relaxed. What we would not tolerate by a lawyer on behalf of a client, we should be even less willing to endure on the lawyer's own behalf.
This kind of misuse of the legal system by one trained in the law and called to its discipline is simply inexcusable. In my opinion, the Florida Bar should investigate the former husband's conduct in this case and, should it be so advised, undertake disciplinary proceedings against him.