827 So.2d 1079 (2002)
Arizona L. SUMLAR, Appellant,
v.
Donald K. SUMLAR, Appellee.
No. 1D02-0039.
District Court of Appeal of Florida, First District.
October 14, 2002.
*1081 John Paul Howard, Jacksonville, for Appellant.
Pro se, for Appellee.
BROWNING, J.
Arizona L. Sumlar (Appellant), the former wife, raises four key issues in her appeal of a final judgment dissolving her marriage to Donald K. Sumlar (Appellee). Appellant contends that the trial court reversibly erred by awarding retroactive child support to Appellee; by denying her attorney's fees, costs, general master's fees, and mediator's fees; by failing to award Appellant legal interest on certain sums due her; and by failing to order reimbursement to her for repairs she had made to the parties' rental home. We affirm the final judgment insofar as it dissolves the parties' marriage, but reverse and remand for factual findings and further proceedings consistent with this opinion.

Child Support
The trial court found that after the parties separated in February 1996, their three older children resided with Appellee in the marital residence through their respective 18th birthdays. Shortly after the parties' separation, the remaining child resided *1082 mainly with her paternal grandparents, who (along with Appellee) supported her until she achieved majority in November 2001. The court also found that after moving out of the marital home in 1996, Appellant did not contribute financial support for the youngest child. No child support was sought from Appellant until Appellee filed his petition for dissolution in late April 2000. The trial court ordered Appellant to pay retroactive child support from the filing date of the petition for dissolution to age 18, in an amount totaling $8,114.90 (calculated at $427.10 per month). Appellant argues the trial court erred by awarding this support for a period when the child allegedly never lived with Appellee.
Florida law sets out criteria for determining entitlement to child support, and the amount thereof. § 61.13, Fla. Stat. (2000). Competent substantial evidence supports the finding that Appellee is entitled to a child-support award. Appellee testified that his employment as a truck driver necessitated his being away from home for extended periods when the youngest child was a minor in Appellee's custodial care. Appellee relied on his own parents' watching over the youngest child during Appellee's work-related travels. The paternal grandfather testified that the child in question moved in with him and his wife shortly after the parties' separation and remained there until the child's graduation from high school in June 2001, when she moved in for a short time with her adult sister. The grandfather indicated he had supported "the family," including the parties' youngest child, during that period of time. Appellee testified that he had contributed to the support of the youngest child, and that he had received no monetary support from Appellant after the parties' separation. The paternal grandfather testified that Appellee had repaid him for the out-of-pocket amounts spent for the child's care. Therefore, an award of retroactive child support in some amount is proper. Beal v. Beal, 666 So.2d 1054 (Fla. 1st DCA 1996) (holding that trial court abused its discretion by failing to award child support retroactively, where record demonstrated child's need, and former husband's ability to pay existed when dissolution petition was filed); Campbell v. Campbell, 635 So.2d 44 (Fla. 1st DCA 1994).
The child support guidelines presumptively establish the amount to be ordered as child support in an initial proceeding for such support. § 61.30(1)(a), Fla. Stat. (2000); Swanston v. Swanston, 746 So.2d 566 (Fla. 1st DCA 1999). According to the final judgment, the $427.10 monthly amount of support was calculated from unspecified "financial records admitted into evidence by each party" and constitutes Appellant's "guidelines obligation." The support guidelines statute requires the trial court to determine the obligor's and obligee's respective monthly incomes according to certain enumerated factors. § 61.30(2), Fla. Stat. (2000). Then, each parent's percentage share of the support need is calculated by dividing the respective net income by the combined net income. § 61.30(9). "Each parent's actual dollar share of the child support need shall be determined by multiplying the minimum child support need by each parent's percentage share." § 61.30(10).
At the dissolution trial, the parties sharply disagreed as to what sums should be calculated in Appellee's income for purposes of determining his percentage share and the corresponding actual dollar share. The figure $427.10 does not appear in any of the financial data in the record on appeal. After the trial judge made oral findings that Appellant is obligated to pay child support, he stated on the record that Appellee's counsel had "made figures of 427.80," but the judge said he did not know *1083 whether that amount is correct or not. The court instructed Appellee's attorney to let Appellant's lawyer know how that amount was calculated. At that point in the transcript, the discussion moved to other matters. In the motion for rehearing, Appellant's counsel characterized the sum $427.10 in monthly child support as "a figment of the former husband's attorney's imagination." Appellant's counsel indicated that Appellee's attorney had not timely complied with his stated intent to file a child-support guidelines worksheet to explain the figure. The motion for rehearing was denied.
A final judgment must include factual findings sufficiently specific to allow the reviewing court to ascertain the basis of calculations relating to child support. Cooper v. Cooper, 760 So.2d 1048 (Fla. 2d DCA 2000); Swanston, 746 So.2d at 566; McDaniel v. McDaniel, 653 So.2d 1076 (Fla. 5th DCA 1995). Neither the final judgment of dissolution of marriage nor the accompanying record discloses the specific numbers that were used to calculate the amount of child support due and the parties' respective shares. On remand, the trial court is directed to make sufficient findings to permit meaningful review of its ruling on any child support amount.
As an alternative to her argument that the child-support award is unjustified under the circumstances, Appellant contends that at a minimum, she is entitled to a credit of one-half the fair rental value of the Finch Avenue marital residence (according to her, $1,500.00/2 = $750.00) during the period for which child support was awarded. This argument relates to the child-support issue in that Appellant asserts that the trial court should have added one-half of the fair rental value of the marital residence to Appellee's monthly income before determining his percentage of the support.
To support her position, Appellant relies on Bryan v. Bryan, 765 So.2d 829 (Fla. 1st DCA 2000); Cooper; and Thomas v. Thomas, 712 So.2d 822 (Fla. 2d DCA 1998). In Bryan, we recognized that pursuant to section 61.30(2), fair rental value is a factor to be considered in determining "income." From the instant record, it appears the trial court failed to take into account the fair rental value of the former marital residence. On remand, the court is instructed to consider the applicability of this factor in light of the facts (and to determine an amount, if applicable), and any other factor, appropriate under the statutory provision for calculating "income" before determining an appropriate amount of child support.

Costs and Attorney's Fees
Appellant argues the trial court erred by denying her motions for costs and for fees for the general master, the mediator, and her attorney. In its order denying attorney's fees, the trial court found that Appellant is employed, that she was awarded "a significant amount of money" pursuant to the final judgment, and that certain real property she inherited during the marriage was deemed non-marital. As an additional ground for denial, the court stated:
The Court finds that the manner in which the attorneys conducted themselves throughout the litigation brought an unnecessary amount of litigation to the above styled case. To require one of the parties to pay the other[']s attorney fees or make a contribution in this matter would be inequitable and inappropriate. The conduct of the attorneys in this case represents the worse [sic] side of the Family Law Division. Regrettably, it was the conduct of both attorneys that contributed [to] the duration of the litigation and the scope and history.
In the order on the motion to tax costs, the judge found that in his seven years' assignment *1084 to the Family Law Division, only once before had he referred discovery issues to a special master. The court ordered costs to be shared by both parties.
Section 61.16(1), Florida Statutes (2000), permits the trial court to order a party to pay a reasonable amount for attorney's fees, suit money, and costs "after considering the financial resources of both parties." This provision expressly requires the court to make findings regarding the parties' respective financial needs and abilities to pay. Watterson v. Watterson, 353 So.2d 1185 (Fla. 1st DCA 1978); McKennon v. McKennon, 312 So.2d 804 (Fla. 1st DCA 1975). The purpose of the statute authorizing an award of attorney's fees is "to ensure that both parties have similar access to competent legal counsel." Rosen v. Rosen, 696 So.2d 697, 699 (Fla. 1997); Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981). Although the trial court made general findings concerning Appellant's financial circumstances, the decision to deny fees and costs was based also on the court's conclusion that both attorneys' misconduct extended the duration and scope of the litigation. To the extent the court's ruling is based on the acrimony between the lawyers, Appellant has been denied fees and costs yet could remain liable for paying her attorney. Because proceedings under chapter 61 are equitable in nature, they are "governed by basic rules of fairness as opposed to the strict rule of law." Rosen, 696 So.2d at 700; § 61.011, Fla. Stat. (2000). This chapter is to be construed liberally and applied "[t]o mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage." § 61.001(c), Fla. Stat. (2000).
Under the traditional rule, "[n]either attorney's fees nor costs may be awarded as punishment, no matter how deserving the punishment." Watterson, 353 So.2d at 1189. However, Florida courts have recognized an exception to this proscription in extraordinary or special circumstances, e.g., where the misconduct rises to the level of bad faith contributing to unnecessary legal expenses, costs, and delay and the trial court makes specific detailed findings to support the sanction. This power lies in the courts' limited "inherent authority to assess attorneys' fees for the misconduct of an attorney in the course of litigation." Moakley v. Smallwood, 826 So.2d 221, 227 (Fla.2002) (stating that trial court's exercise of inherent authority to assess fees against attorney must be based on express finding of bad faith conduct and supported by detailed factual findings describing specific acts of bad faith conduct that resulted in unnecessary incurrence of attorney's fees). This sanction can be imposed also for bad faith conduct against a party. Id.; Bitterman v. Bitterman, 714 So.2d 356 (Fla.1998); Bane v. Bane, 750 So.2d 77 (Fla. 2d DCA 1999) (remanding for hearing to permit trial court to consider all factors pertinent to award of attorney's fees, where trial court appeared to have awarded former wife fees and costs associated with her successful motion to vacate final judgment based solely on former husband's misconduct in procuring property settlement agreement, yet record indicated former wife was not blameless and her negligence played part in way case progressed); McAliley v. McAliley, 704 So.2d 611 (Fla. 4th DCA 1997); St. Pierre v. Greenberg, 697 So.2d 218, 219 (Fla. 4th DCA 1997) (recognizing that "[i]n assessing attorney's fees against a party, a trial court may consider that party's willful refusal to comply with an existing order if that conduct made further litigation necessary for enforcement."). For instance, section 61.16(1) provides that "[i]n those cases in which an action is brought for enforcement and the court finds that the noncompliant party is without justification in the refusal *1085 to follow a court order, the court may not award attorney's fees, suit money, and costs to the noncompliant party." Even in those cases raising issues of inappropriate conduct, the trial court still must consider the parties' respective need for suit money and ability to pay. Rosen; St. Pierre; Aue v. Aue, 685 So.2d 1388 (Fla. 1st DCA 1997); Patterson.
During the dissolution proceedings, Appellant argued that Appellee's own conduct in allegedly hiding or squandering assets and refusing to disclose certain requested information during discovery prolonged the litigation and caused her to incur additional attorney's fees. The trial court made no findings regarding Appellee's acts or omissions in this regard. Given the record before us and the lack of specific findings regarding the parties' respective needs and abilities to pay, and the attorneys' misconduct, we conclude the trial court abused its discretion in denying Appellant's motions for fees and costs in the absence of additional findings in accordance with the statute. The court is instructed on remand to make specific detailed findings concerning the lawyers' inappropriate acts or omissions (along with the pertinent acts or omissions of the parties, if any), as well as the parties' needs and abilities to pay and any other factors set forth in Rosen. Diaz v. Diaz, 826 So.2d 229 (Fla.2002); Moakley; Bane.

Interest
The general rule is that interest becomes due and owing when the obligation is created. Parker v. Brinson Constr. Co., 78 So.2d 873 (Fla.1955); Huntley v. Baya, 136 So.2d 248 (Fla. 3d DCA 1962). In the final judgment, the trial court found that after the parties' separation, Appellant borrowed money individually to pay property taxes on the marital residence for tax years 1992-97. The total amount paid by her is $14,080.65. This was a joint obligation of the parties, and Appellee was found responsible for payment of one-half that amount, i.e., $7,040.33. Appellant contends the court should have awarded her legal interest from April 7, 1997 (the date she mortgaged her separate property on Ella Street to obtain the funds) to the date of the final judgment.
The trial court also found Appellee had received $65,512.55 as net proceeds from an insurance settlement for the loss of a joint marital property on Rhode Island Drive West. Actually, this sum comprised proceeds from Homeside Lending and from the subsequent sale of the fire-damaged real property on April 18, 2001. This was marital property. Appellant unsuccessfully sought interest from the date(s) Appellee received the monies until the entry of the final judgment. Additionally, Appellant claims entitlement to interest on certain amounts she allegedly paid for delinquent taxes on the marital home, for joint income taxes, and for credit card debts. On remand, the trial court is instructed to address the issue of interest and to make findings on the record explaining its ruling.

Repairs to Rental Home
After Appellee received the fire insurance proceeds, Appellant sent Appellee a demand letter requesting reimbursement of $6,392.46, which she allegedly had spent on repairs to the rental home. She attached copies of the receipts of expenditures to support her request. He did not repay her. Appellant argues the trial court erred by failing to award her the amount paid for such repairs. Although this issue was raised at the dissolution hearing, it was not resolved, and the final judgment does not address it. On remand, the trial court is instructed to make findings regarding the alleged repair sums and *1086 Appellant's entitlement, or lack of entitlement, to reimbursement. If the court finds Appellant is entitled to reimbursement, then it should determine an appropriate share to be paid by Appellee.

Appellate Attorney's Fees
Pursuant to Florida Rule of Appellate Procedure 9.400(b), a motion for attorney's fees must "state the grounds on which recovery is sought." In the motion for fees, Appellant's counsel sought fees "for the services ... in the matter of the presentation and argument of the within appeal." The motion made no reference to section 61.16, Florida Statutes (2000), or to any other statutory, contractual, or substantive basis for an award of fees on appeal. Thus, the motion is facially insufficient, and we are constrained to deny it. United Servs. Automobile Ass'n v. Phillips, 775 So.2d 921 (Fla.2000); Rados v. Rados, 791 So.2d 1130 (Fla. 2d DCA 2001); Shuler v. Darby, 786 So.2d 627 (Fla. 1st DCA 2001) (on mot. for clarif. or reh'g).
In summary, we AFFIRM the dissolution of the marriage, REVERSE the final judgment in part, and REMAND for further proceedings consistent with this opinion. Because any changes in the child-support amount or in the distribution of property on remand could alter the balance of the overall scheme, the trial court may, in its discretion, reconsider the other issues properly raised during the initial dissolution proceedings, and may make any adjustments necessary according to equitable considerations.
LEWIS and POLSTON, JJ., concur.