850 So.2d 606 (2003)
Eric BAIME, Appellant,
v.
Jill L. BAIME, Appellee.
Nos. 4D01-2925, 4D01-4594, 4D02-93.
District Court of Appeal of Florida, Fourth District.
July 16, 2003.
Rehearing Denied August 13, 2003.
Lisa Marie Macci of Lisa Marie Macci, P.A., and Eric Baime, Boca Raton, for appellant.
Richard G. Bartmon of Law Offices of Bartmon & Bartmon, P.A., for appellee.
SHAHOOD, J.
This appeal concerns the trial court's award of attorney's fees to the former wife following the court's denial of the former husband's petition for modification of child support. We reverse the order and remand for the trial court to make appropriate findings.
The trial court entered an order denying the former husband's petition for modification, granting the former wife's motion for fees, and reserving jurisdiction to determine the amount. Following a hearing, the trial court entered a Final Judgment Awarding Fees and Costs, requiring the former husband to pay a total of $44,203.37. It is not apparent from either order that the trial court considered the financial resources of the parties. See Ondrejack v. Ondrejack, 839 So.2d 867, 872 (Fla. 4th DCA 2003)(The standard for awarding attorneys fees in dissolution cases is the financial need of the requesting party and the financial ability of the other party to pay). The trial court is required to make findings regarding the parties' respective financial needs and abilities to pay. See Sumlar v. Sumlar, 827 So.2d 1079, 1084 (Fla. 1st DCA 2002). Failure to do so requires reversal. Id.
In addition, the trial court did not make the requisite findings as to the reasonableness of the fees requested, including the reasonableness of the former wife's *607 attorney's time and hourly rate. Thus, reversal is required for the court to make these findings as well. See Saporito v. Saporito, 831 So.2d 697 (Fla. 5th DCA 2002)(reversal required where trial court does not make express findings as to number of hours reasonably expended and hourly rate); Ard v. Ard, 765 So.2d 106, 107 (Fla. 1st DCA 2000)(holding that even where there is competent substantial evidence in the record to support an award of attorney's fees to the wife, the trial court must make factual findings with regard to the total number of hours expended by the wife's attorney, the hourly rate, or the reasonableness of the fee).
REVERSED AND REMANDED.
KLEIN and GROSS, JJ., concur.