HAZOURI, J.
 

 Steven B. Phillips (“Husband”) appeals the trial court’s order granting attorney’s fees to Pamela A. Ford (“Wife”) in their modification proceeding. We reverse the award of attorney’s fees to Wife.
 

 On August 7, 2008, the trial court held a final hearing on Husband’s Amended Supplemental Petition for Modification of Child Support and Wife’s Motion for Contempt. Both parties were represented by counsel and moved for attorney’s fees. The trial court denied both Husband’s motion for modification and Wife’s motion for contempt. However, the trial court directed Husband to pay Wife’s fees and costs, finding that “Former Husband is in a financially superior position to contribute to Former Wife’s attorney[’s] fees.”
 

 Husband then moved to vacate the order denying his petition for modification. The trial court denied Husband’s motion to vacate and again found “competent and substantial evidence in the record establishing that Former Husband is in a financially superior position to contribute to the Former Wife’s attorney’s fees.” On April 21, 2009, the trial court awarded Wife attorney’s fees and costs in the amount of $8,250.00.
 

 The standard of review for the award or denial of attorney’s fees in a dissolution proceeding is abuse of discretion.
 
 Lord v. Lord,
 
 993 So.2d 562, 564 (Fla. 4th DCA 2008) (citing
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1202-03 (Fla.1980)). Section 61.16(1), Florida Statutes, provides that a trial court “may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.” § 61.16(1), Fla. Stat. (2010). “The standard for awarding attorney’s fees in dissolution cases is the financial need of the requesting party and the financial ability of the other party to pay.”
 
 Derrevere v. Derrevere,
 
 899 So.2d 1152, 1153 (Fla. 4th DCA 2005) (citations omitted).
 

 The instant case is factually similar to
 
 Baime v. Baime,
 
 850 So.2d 606 (Fla. 4th DCA 2003), where we reversed an award of attorney’s fees after the trial court failed to make appropriate findings. In
 
 Baime,
 
 the trial court entered an order denying the former husband’s petition for modification, granting the former wife’s motion for fees, and reserving jurisdiction to establish the amount.
 
 Id.
 
 at 606. We determined that it was not apparent from either order that the trial court considered the financial resources of the parties.
 
 Id.
 

 Similarly, in the instant case, both orders state that “Former Husband is in a financially superior position to contribute to Former Wife’s attorney[’s] fees” and do not reference Wife’s need for attorney’s fees. “The trial court is
 
 required to make findings regarding the parties’ respective financial needs and abilities to pay.” Id.
 
 (citing
 
 Sumlar v. Sumlar,
 
 827 So.2d 1079, 1084 (Fla. 1st DCA 2002)) (emphasis added). “Failure to do so requires reversal.”
 
 Id.
 

 Following the hearing on Husband’s modification petition, the trial court determined that “Former Husband is in a financially superior position to contribute
 
 *259
 
 to Former Wife’s attorney[ s] fees and directed him to pay Wife’s fees and costs. However, “[i]t is not enough for a party to demonstrate the adverse party’s ability to pay; the party seeking payment of fees must also show a need.”
 
 Zahringer v. Zahringer,
 
 813 So.2d 181, 182 (Fla. 4th DCA 2002). In the instant case, Wife’s monthly gross income is $6,879.50 and her salary is approximately $74,000 annually. Wife receives $3,000 a month in child support from Husband. Wife was also awarded the marital home in the divorce, valued at $900,000, with a $750,000 mortgage. Testimony at the hearing demonstrated that Wife was able to retain and compensate previous attorneys without assistance from Husband.
 

 Thus, “the trial court did not make any factual findings concerning the former wife’s need and did not state any reason why the former husband should be responsible for her attorney’s fees.”
 
 Bohner v. Bohner,
 
 997 So.2d 454, 457 (Fla. 4th DCA 2008). Accordingly, we reverse the award of attorney’s fees and remand for further proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 CIKLIN and LEVINE, JJ., concur.