WALLIS, J.
Andrew Terkeurst (“Former Husband”) appeals the denial of his motion for reconsideration of a child support order, which provides monthly support for his two children to Monica Terkeurst (“Former Wife”). Former Husband argues the trial court abused its discretion when it calculated the support award because one of the two children resides with him.[1] We agree with Former Husband and reverse *759 and remand for the trial court to recalculate the support award.[2]
Former Husband and Former Wife divorced in 2003. The couple had two children, G.T. and C.T., and initially, both resided primarily with Former Wife. In 2011, Former Husband and Former Wife agreed G.T. would reside primarily with Former Husband while C.T. would continue to reside with Former Wife. The parties consented to a modified timesharing and parenting plan, which was memorialized on April 17, 2012, in a consent final judgment. Under the modified timeshar-ing schedule, G.T. resided primarily with Former Husband and visited Former Wife every other weekend. C.T. resided primarily with Former Wife and visited Former Husband every other weekend. Each child would spend six weeks over the summer with the parent that the child did not primarily reside with during the school year. In effect, the parents averaged equal nights per year overall.
Pursuant to the consent judgment, the parties were to determine a modification in support. The parties were unable to agree upon a modification in support following the revision to the timesharing. On December 12, 2012, Former Wife filed a motion to determine child support, which resulted in a March 18, 2013 support order. The trial court relied on Former Wife’s suggested worksheet, which provided the total monthly support necessary for both children as $1,463.00. The trial court improperly treated both children as residing primarily with Former Wife despite the modification contained in the April 17, 2012 consent final judgment. Based upon the parents’ respective incomes, the trial court set Former Husband’s obligation at $1,088.79 and Former Wife’s obligation at $374.21. Stated differently, the percentage amount of support allocated was 74% from Former Husband and 26% from Former Wife. The trial court determined Former Husband owed Former Wife $1,088.79 per month for “two minor children.” The trial court also awarded retroactive support to Former Wife of $10,887.90 for the previous ten months, dating back to June 1, 2012.
We review child support awards for an abuse of discretion. Karimi v. Karimi, 867 So.2d 471, 473 (Fla. 5th DCA 2004) (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)). The parenting plan, which the consent judgment incorporated, provides that G.T.’s arrangement for primary residency with Former Husband mirrors C.T.’s arrangement for primary residence with Former Wife. Thus, if each parent has on average an equal number of- nights, the trial court erred by requiring Former Husband to pay all of his 74% share of the support award to Former Wife. If the nights per year with each parent were equal, Former Husband should have retained 50% of the $1463 total support and, based upon the income disparity, paid 24%, or $357.27, to Former Wife. This error requires a recalculation of the retroactive support award Former Husband owes Former Wife.
We reverse and remand for the trial court to recalculate the ongoing support *760 award and retroactive support based on the number of nights G.T. and C.T. reside with each parent.
REVERSED and REMANDED with.instructions.
COHEN and BERGER, JJ., concur.

. This court ordered Former Wife to submit an answer brief; however, she declined to do so and filed a notice of intent not to respond.'

. Former Husband raises other issues about the facial validity of the support order, which we decline to address as a result of this reversal, Former Husband also argues the trial court’s contempt order, entered four months after his notice of appeal, was facially invalid. Because Former Husband did not amend or file a separate notice of appeal, we do not have jurisdiction to consider the contempt issue. See Lauderdale Marine Ctr., Ltd. v. MYD Marine Distributors, Inc., 31 So.3d 256, 257 (Fla. 4th DCA 2010) (holding the court lacks jurisdiction to consider proceedings after the date of the notice of appeal); accord Fla. R. App. P. 9.110(h).