WALLIS, J.
Appellant, Michelle M. Henderson (“Former Wife”), appeals from numerous orders, including the trial court’s October 3, 2012 final order (“Custody Order”), which changed the primary residency of the parties’ two minor children from Former Wife to Appellee, Reese J. Henderson (“Former Husband”), allocated sole decision-making authority for the children to Former Husband, ordered Former Wife to pay child support, and denied her request for attorneys’ fees. Former Wife also appeals the trial court’s subsequent order setting continuing child support obligations and an earlier order setting temporary child support obligations. We reverse the Custody Order because: (1) it did not contain a specific finding that shared responsibility would be detrimental to the children, and (2) it denied attorneys’ fees without findings as to the parties’ needs, abilities to pay, and misconduct. We reverse the order setting continuing child support obligations because it fails to provide an automatic decrease in child support once the older child reached majority. Finally, we reverse the trial court’s calculation of Former Wife’s temporary child support obligation because it fails to credit her with any overnights. We affirm all other issues on appeal without discussion.
The parties married in 1993 and had two children.[1] Former Husband petitioned for dissolution in 2008, and the parties filed a mediated settlement agreement (“Settlement Agreement”) on January 14, 2009. On the same day, the trial court entered a final judgment of dissolution (“2009 Judgment”), which incorporated the Settlement Agreement. The 2009 Judgment awarded primary custody of the children to Former Wife, ordered regular visitation for Former Husband, and provided for shared parental responsibility on all aspects of the children’s lives. The trial court ordered Former Husband to pay child support until each child turned 18 or graduated from high school.
On January 13, 2010, Former Husband filed a petition to modify the 2009 Judgment (“Petition”), alleging a “substantial change in circumstances,” to wit: Former Wife’s battery of Former Husband.[2] In the Petition, Former Husband requested that the trial court award him sole custody *206 of the children, terminate his child support payments, and order child support payments from Former Wife. The trial court entered a March 3, 2010 temporary consent order, which made the children’s primary residence with Former Husband, suspended his child support payments, and provided visitation rights to Former Wife under the Seventh Judicial Circuit’s time-sharing guidelines. The guidelines provide custody to the nonresidential parent on every other weekend, occasional weekdays, one-half of long school breaks, and numerous specified holidays. The record does not clearly establish the number of days and overnights the children spent with Former Wife under the temporary consent order, although it is uncontested that she had custody of the children for numerous overnights.
The trial court entered a temporary child support order on December 11, 2011, ordering Former Wife to pay $780 per month in child support. A worksheet used by the trial court to compute the temporary child support obligation credited Former Husband with 365 overnights and Former Wife with zero overnights. Former Wife filed a motion for rehearing of the temporary child support order, alleging that the trial court erred by failing to credit her with “at least 135 overnights” under the terms of the temporary consent order and timesharing guidelines. The trial court denied her motion for rehearing without elaboration.
During a June 2012 hearing on Former Husband’s petition, the trial court received substantial evidence concerning both parties, the children, and the intrafamily interactions. The evidence included testimony from the party’s older child, the children’s guardian ad litem, and the doctor who conducted a court-ordered custody evaluation. Former Wife also filed post-hearing depositions of her former boyfriend and mother. Both parties submitted financial affidavits documenting their monthly incomes as $5,990.83 for Former Wife and $11,068.87 for Former Husband.
After the hearing, the trial court entered the Custody Order, which contained numerous findings evidencing substantial and material changes in the children’s circumstances since the parties’ divorce. The trial court also specifically addressed each factor contained in section 61.13(3), Florida Statutes, and determined that the best interests of the children would be served by granting sole decision-making authority to Former Husband. However, the trial court did not make a finding that shared parental responsibility would be detrimental to the children. Accordingly, the trial court placed the children’s permanent primary residence with Former Husband and ordered Former Wife to pay child support until each child’s 18th birthday or graduation from high school. The trial court denied Former Wife’s motion for attorneys’ fees without elaboration.
On November 1, 2012, the trial court entered an order (“Child Support Order”) requiring Former Wife to pay $848.10 per month in child support “until such time as the youngest of the minor children reaches the age of eighteen.” The trial court did not make any provision for a reduction in child support payments after the older child reached majority or graduated from high school.
Failure to make a finding that shared parental responsibility would be detrimental to the children
“The standard of review for the trial court’s findings and determination regarding primary parental responsibility is abuse of discretion. The trial court’s findings regarding the best interest of the child must be supported by competent, substantial evidence.” Hudson-McCann *207 v. McCann, 8 So.3d 1228, 1229 (Fla. 5th DCA 2009) (citing Knifley v. Knifley, 944 So.2d 1136 (Fla. 5th DCA 2006)). Here, the Custody Order contains sufficient findings under section 61.13(3), Florida Statutes, to demonstrate that Former Wife’s conduct resulted in a substantial change in circumstances and to justify granting full decision-making responsibility to Former Husband. However, we find that the Custody. Order fails to comply with section 61.13(2)(c)2.,[3] which requires a specific finding that shared parental responsibility would be detrimental to the children prior to granting sole decision-making responsibility to Former Husband. This court held in Rashid v. Rashid, 35 So.3d 992, 994 (Fla. 5th DCA 2010), that awarding sole parental responsibility to one parent is inappropriate without a specific finding that shared responsibility would be detrimental to the child. Despite adequate support in the record for granting sole parental responsibility to Former Husband, the Custody Order is deficient for lack of a specific finding of detriment. Accordingly, we reverse and remand for the trial court to make appropriate findings.
Failure to make findings when denying Former Wife’s request for attorneys’ fees
Next, we address the trial court’s denial, in the Custody Order, of Former Wife’s request for attorneys’ fees. “The standard of review for an award or denial of attorney’s fees in a dissolution of marriage proceeding is abuse of discretion.” Gunn v. Ubbels, 101 So.3d 420, 420 (Fla. 5th DCA 2012) (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)). Where an order denying attorneys’ fees “fails to contain sufficient factual findings to facilitate meaningful appellate review of the trial court’s decision,” the appellate court must reverse and remand for the trial court to make further findings. Anderson v. Anderson, 609 So.2d 87, 89 (Fla. 1st DCA 1992); see also Phillips v. Ford, 68 So.3d 257, 258 (Fla. 4th DCA 2010); Schwartz v. Schwartz, 965 So.2d 832, 833 (Fla. 1st DCA 2007) (ruling that section 61.16, Florida Statutes, “expressly requires the court to make findings regarding each party’s financial needs and ability to pay”); Martin v. Martin, 959 So.2d 803 (Fla. 1st DCA 2007); Baime v. Baime, 850 So.2d 606 (Fla. 4th DCA 2003).
Here, the evidence presented a clear disparity in income between the parties. The trial court’s failure to make any findings as to the parties’ needs and abilities to pay was an abuse of discretion. Sumlar v. Sumlar, 827 So.2d 1079, 1085 (Fla. 1st DCA 2002) (reversing a trial court’s denial of former wife’s motion for fees and costs as a result of the trial court’s failure to make any findings on the issues of need, ability to pay, and misconduct by the parties (citing Diaz v. Diaz, 826 So.2d 229 (Fla.2002))). Accordingly, we reverse the trial court’s denial of Former Wife’s request for attorney’s fees. We remand for the trial court to include findings of fact as to the parties’ relative needs for contribution, abilities to pay, and any relevant misconduct.
Failure to include automatic reduction provision in Former Wife’s child support obligation
We review orders modifying child support for an abuse of discretion. See Dennison v. Dennison, 852 So.2d 422, 423-24 (Fla. 5th DCA 2003).
*208 We address the lack of an automatic reduction provision in the Child Support Order. Section 61.13(l)(a)l.a., Florida Statutes, requires that “[a]ll child support orders and income deduction orders entered on or after October 1, 2010, must provide ... [f]or child support to terminate on a child’s 18th birthday unless the court finds or previously found that s. 743.07(2) applies, or is otherwise agreed to by the parties.” Section 743.07(2), Florida Statutes, allows a court to require child support payments for a child that “is between the ages of 18 and 19, and is still in high school.” The clear language of the statute requires that all support orders entered after October 1, 2010, must provide for automatic termination of support once a child reaches majority, absent other factors such as the child’s enrollment in high school.
This appeal presents an issue of first impression concerning section 61.13(l)(a)l.a.[4] Here, the Settlement Agreement, the 2009 Judgment, and the Custody Order all contemplated reducing support payments when the older child reached majority and terminating the payments when the younger child reached majority. The Child Support Order specifically provided for termination of support payments after the younger child reached age 18-or 19, if the younger child is still in high school-but did not account for the older child reaching majority. We reverse and remand for the trial court to amend the Child Support Order consistent with section 61.13(l)(a)l.a. and the other orders in this case. The trial court is instructed to provide for a reduction in support payments after the older child reached majority or graduated from high school.
Failure to credit Former Wife with substantial overnights in the temporary child support order
Last, we address the trial court’s calculation of Former Wife’s temporary child support obligation. In Buhler v. Buhler, 913 So.2d 767 (Fla. 5th DCA 2005), we ruled that a trial court must reduce the support obligation of a parent who has visitation for a “substantial amount of time” with a child. Under section 61.30(11)(b)8., Florida Statutes, a “substantial amount of time means that a parent exercises time-sharing at least 20 percent of the overnights of the year.” The Seventh Judicial Circuit timesharing guidelines — under which the parties exercised shared custody — allocates custody to the nonresidential parent one evening per week, every other weekend, Easter weekend, Independence Day, Thanksgiving, spring break, Mother’s Day, every other birthday of each child, one-half of Christmas break, one-half of summer vacation, and other contingent days.
Here, the record clearly indicates that Former Wife exercised numerous overnights between entry of the consent temporary order and entry of the Custody Order. Substantial record evidence supports Former Wife’s position that she exercised approximately 135 overnights— more than 36 percent of the yearly total— with the children. No competent evidence exists in the record to support the trial court’s calculation in the temporary child support order. Former Wife clearly exercised more than zero overnights with the children, and likely exercised up to 36 percent of overnights, thereby requiring the trial court to factor in the overnights when calculating temporary child support pursuant to section 61.30(ll)(b)8. The trial court abused its discretion by denying *209 Former Wife’s motion for rehearing of the temporary child support order.[5] We reverse and remand for the trial court to recalculate Former Wife’s temporary child support obligations.
AFFIRMED in Part; REVERSED in Part; REMANDED with Instructions.
LAWSON and LAMBERT, JJ., concur.

. At the time the trial court entered the Custody Order, the two children were 17 and 12 years old. The older child reached majority and graduated from high school prior to perfection of this appeal.

. The primary change in circumstances resulted from a January 1, 2010 altercation in which Former Wife battered Former Husband. Former Wife entered into a March 18, 2010 deferred prosecution agreement, and the criminal case resulting from the incident is now closed.

. Section 61.13(2)(c)2. provides, in relevant part, that "court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child.”

. Section 61.13(l)(a)l.a. was modified in 2010 to require that all child support orders contain the above-specified termination language. Ch. 2010-199, Laws of Fla.

. The same judge presided over the trial court in a recent appeal to this court. See Terkeurst v. Terkeurst, 149 So.3d 758 (Fla. 5th DCA 2014). In Terkeurst, the trial court committed a similar error by wholly adopting one party’s suggested calculation and by failing to credit one parent with custody of a child, despite clear indications in the record that the parent exercised significant custody over the child.