DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PATRICIA JOSEPH SISCA,**
Appellant,

v.

**CHARLES ANGELO SISCA,**
Appellee.

Nos. 4D12-4608 & 4D13-1508

[April 22, 2015]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas H. Barkdull, III, Judge; L.T. Case No. 502004DR013091XXXXMB.

Roger Levine and Amy D. Shield of Amy D. Shield, P.A., Boca Raton, for appellant.

Jonathan M. Streisfeld and Michael B. Gilden of Kopelowitz Ostrow, P.A., Fort Lauderdale, for appellee.

STEVENSON, J.

In this consolidated appeal, former wife challenges orders granting former husband's petition for downward modification of alimony and requiring former wife to pay former husband's attorney's and expert's fees totaling approximately $120,000.[1]  Finding no abuse of discretion in the modification of alimony, we affirm that order without further comment.  As for the fee orders, we agree with wife's argument that the evidence fails to demonstrate the requisite need and ability to pay and write to address this issue.

Attorney's fees are awardable under section 61.16, Florida Statutes, only where there is both a need on the part of the recipient spouse and an ability to pay on the part of the paying spouse.  *See Phillips v. Ford*, 68 So. 3d 257, 258–59 (Fla. 4th DCA 2010).  The evidence fails to establish that

---

[1] The trial court ordered the wife to pay $30,000 in temporary fees and, later, another $90,393.95 in fees and costs ($50,362.50 in attorney's fees; $5,293.95 in costs; $34,737.50 in expert accountant's fees).

this is the case here.

The trial court made no factual finding regarding the amount of the husband's income or expenses, but clearly found his claim of diminished income credible. But, even after accounting for husband's diminished income, husband has an income nearly three times that of wife, i.e., based on figures in husband's financial affidavit and assuming payment of $1,500 in alimony, husband's net monthly income is approximately $21,000, while wife's *gross* income, after receipt of $1,500 in alimony, is about $8,000 ($6,724 gross income found by trial court, which includes imputed income/employment perks + $1,500 alimony). It is true that wife has between $1.2 and $1.4 million in investment accounts and thus significantly greater liquid assets than husband. These investment accounts are, however, the primary source of wife's income. Wife's payment of husband's attorney's fees will force her to invade these assets—something it appears she will already have to do based upon the court's finding that wife has a *gross* monthly income of $6,724 and needs of $7,500 per month (in comparison, husband's financial affidavit puts his monthly expenditures in excess of $25,000) and the suspension of the $1,500 monthly alimony for the next 37½ months. Moreover, husband is not without assets, i.e., his financial affidavit reflects a whole life insurance policy with a cash value of $20,651, approximately $11,000 in cash, a 401(k) plan valued at $127,961 and net equity in his real estate investments of $676,250. Under these circumstances, it was an abuse of the trial court's discretion to require wife to pay husband's fees; the fee orders in favor of husband are thus reversed.

*Affirmed in part & Reversed in part.*

TAYLOR and CIKLIN, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

2