IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GIA SONGUR,

        Appellant,

 v.                                   Case No.  5D15-2960

ERSAN SONGUR,

        Appellee.

_____/

Opinion filed May 13, 2016

Appeal from the Circuit Court
for Orange County,
Mike Murphy, Judge.

Christie L. Mitchell, of The CLM Law
Firm, P.A., Orlando,  for Appellant.

No Appearance for Appellee.


PER CURIAM.

      Gia Songur timely appeals a Supplemental Final Judgment Modifying Parental

Responsibility, Visitation or Parenting Plan / Time-Sharing Schedule and Other Relief and

Rulings on all pending Motions for Contempt.  We reverse as to two issues.  First,

Appellant is correct that the trial court erroneously granted ultimate decision-making

authority over the eldest minor child's educational decisions to her former husband,

Appellee, absent a finding that shared parental responsibility would be detrimental to the

child or that ultimate responsibility over the child's educational decisions is in the child's best interest. *See* § 61.13(2)(c)2.a., Fla. Stat. (2015); *see also Henderson v. Henderson*, 162 So. 3d 203, 207 (Fla. 5th DCA 2015) (applying section 61.13(2)(c)2. and reversing trial court order giving full parental responsibility to one parent without a finding that shared parental responsibility would be detrimental to the child). On remand, the trial court is directed to reconsider this portion of its order. Second, the trial court erred in imputing income to both parents (for purposes of determining child support), without any evidentiary basis for amounts imputed and without any explanation of the basis for these findings. On remand, the trial court should allow the parties to present additional evidence regarding their respective incomes and determine the appropriate child support amount and starting date based on the statutory guidelines found in section 61.30, Florida Statutes (2015).

In all other respects, we affirm.

AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.

LAWSON, C.J., EVANDER and LAMBERT, JJ., concur.